IN THE MATTER OF THE FORECLOSURE OF R. WOODROW NORTON, JR., UNMARRIED

No. 7830SC729

(Filed 5 June 1979)

1. **Mortgages and Deeds of Trust § 26.1— foreclosure hearing—failure to give notice to other owners**

    Respondent was not prejudiced by petitioner's failure to give notice of a foreclosure hearing to other record owners of the realty securing the deed of trust being foreclosed as required by G.S. 45-21.16(b)(3).

2. **Mortgages and Deeds of Trust § 26.1— foreclosure hearing—waiver of notice**

    Respondent waived notice of a foreclosure hearing by his presence at and participation in the hearing.

3. **Mortgages and Deeds of Trust § 4— deed of trust—description of land—reference to plat recorded later**

    A deed of trust did not contain an insufficient description of the land offered as security because the plat to which the deed of trust referred for a specific description was not recorded until after the deed of trust was executed.

4. **Mortgages and Deeds of Trust § 4— description of land—reference to plat—point identifiable on ground**

    A description in a deed of trust is not insufficient on the ground that the plat referred to contains no beginning point which would allow location of the land on the ground where the plat indicates that one corner of the land is also Corner No. 1 of the U.S.F.S. Tract No. 1028, a point which is identifiable upon the ground.

5. **Mortgages and Deeds of Trust § 5— insertion of plat and book page numbers after execution**

    A deed of trust was not rendered void by the fact that an attorney, before recording it, inserted in it the book and page numbers where the plat referred to therein was to be recorded, since one who signs a deed of trust with blanks and gives it to another for use is bound by the instrument as completed.

6. **Mortgages and Deeds of Trust § 4— description of land—erroneous reference to plat and deed as recorded in Clerk's Office**

    A deed of trust was not invalid because it referred to a plat and deed of the land conveyed as security as being recorded in the Clerk's Office rather than in the Office of the Register of Deeds.

APPEAL by respondent from *Thornburg, Judge.* Order entered 15 April 1978 in Superior Court, MACON County. Heard in the Court of Appeals 27 April 1979.

Petitioner trustee seeks to foreclose on a deed of trust which secures a note in default. The Clerk of Superior Court of Macon County authorized the trustee to hold the foreclosure sale, and respondent appealed this order to Superior Court pursuant to G.S. 45-21.16(d).

At the hearing *de novo*, Randall Carver, president of the Rabun County Bank (Bank) of Clayton, Georgia, testified that on 12 May 1977 respondent borrowed $49,000 from the Bank, securing the note with a deed of trust upon a parcel of land located in Otto, North Carolina. This note has been delinquent since 12 August 1977.

Charles Clay, a Georgia attorney, testified that he represented respondent in connection with the closing of the loan. Both parties offered exhibits into evidence. The trial court found a valid debt, a default, and a power of sale, and authorized the trustee to proceed with foreclosure. From this order respondent appeals.

*Downs & Cabe, by James U. Downs, for petitioner appellee.*

*Herbert L. Hyde, for respondent appellant.*

ARNOLD, Judge.

The trial court found as fact that

9. Notice has been given to all those parties entitled thereto under the terms of Article 2A, Chapter 45 of the North Carolina General Statutes, specifically including the record owner of the real estate, namely R. Woodrow Norton, Jr., and the court further finds that no other party claiming to be the record owner has intervened in this action or has caused any collateral action to be filed asserting their ownership thereto and that there was no evidence offered by R. Woodrow Norton, Jr., that there is any other record owner of the real estate which secures the above referred to debt other than him.

Respondent argues that this finding is not based upon the evidence.

Respondent offered into evidence a deed of 15 February 1966 conveying certain land in Smithbridge Township from Robert W.

& Blanche Norton to Robert W. Norton, Jr. and Anita Myra Norton, with a reserved life estate in the grantors. The deed of trust executed by respondent conveys as security certain land in Smithbridge Township, "a part of the same property conveyed from Robert W. Norton, Sr. and wife, Blanche Norton to Robert W. Norton, Jr. and Anita Myra Norton by Warranty Deed dated February 15, 1966." Respondent contends that he has shown by his exhibit that he is not the only record owner of the land, and that petitioner has failed to comply with the requirements of G.S. 45-21.16(b)(3) that notice of hearing be given to "every record owner of the real estate," meaning "any person owning a present or future interest."

[1] Petitioner responds that there are deeds in existence from Robert and Blanche Norton and from Anita Myra Norton to respondent, apparently arguing that these deeds convey to respondent their interests in the property. However, these purported deeds do not appear in the record on appeal, so we do not consider them. We find that on the face of the record petitioner has failed to comply with the statutory notice requirements. We find, as well, that respondent cannot complain of this failure, as he has shown no prejudice to his rights by it.

[2] Respondent argues that he received no notice of the hearing, but the record shows that he was present at the hearing and participated in it. It is well-settled that a party entitled to notice may waive notice in this way. *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). Further, assuming that there are other record owners of the property, respondent has shown no injury to him by petitioner's omission of notice to them. On this assignment of error respondent cannot prevail.

[3] Respondent next argues that the deed of trust is invalid for failure to include a sufficient description of the land offered as security. We disagree.

The deed of trust executed by respondent on 12 May 1977 conveys to the trustee:

> All that tract or parcel of land lying and being in Smithbridge Township, Macon County, North Carolina and being 73.8 acres as described on a plat of survey dated April 22, 1977 and prepared by Roy A. Terrell and Associates,

In re Foreclosure of Norton

North Carolina Registered Surveyor No. L-806, said plat being recorded in Plat Book 4, Page 143, Clerk's Office, Macon County Superior Court. Reference to said plat being made for the express purpose of incorporating its description herein.

Respondent apparently argues that because the plat was not actually recorded until 1 July 1977 it could not serve to provide the description for the deed of trust. The law of this jurisdiction holds otherwise. " 'Real estate is sufficiently described in a conveyance by reference for identification to another deed or record specifically mentioned therein which accurately describes it. The map or plat referred to need not be registered.' " *Smathers v. Jennings*, 170 N.C. 601, 604, 87 S.E. 534, 536 (1916) (cite omitted). The plat here was sufficiently identified to be incorporated by reference in the deed of trust.

[4]   Respondent argues further that the deed of trust description fails because the plat contains no beginning point which would allow for locating the land on the ground. The plat indicates, however, that one corner of the tract is also Corner No. 1 of U.S.F.S. Tract No. 1028, a point which is identifiable upon the ground. We find that this is sufficient.

[5]   The witness Clay testified that before recording the deed of trust he inserted in it the book and page numbers where the plat was to be recorded. Respondent argues that these insertions render the deed of trust null and void, but our Supreme Court held to the contrary in *Creasman v. Savings & Loan Assoc.*, 279 N.C. 361, 183 S.E. 2d 115, *cert. denied* 405 U.S. 977 (1971). One who signs a deed of trust with blanks and gives it to another for use is bound by the instrument as completed.

The trial court admitted into evidence the affidavit of the Register of Deeds of Macon County to the effect that "in Plat Book 4 on page 143 a map has been recorded that was prepared by Roy A. Terrell and Associates, North Carolina Registered Land Surveyors # L-806, reflecting a plat of survey of 73.8 acres in Smithbridge Township, Macon County, North Carolina, which plat is dated April 22, 1977." The court accepted this affidavit over respondents' objection on the express condition that a certified copy of the plat be furnished to the court. This was done. The respondent objects to the affidavit's reference to "a plat of survey," but there is no indication in the record that the trial

court relied on this language as establishing that the plat was actually prepared from a survey. The court merely states that "[t]he description of the land in the said deed of trust referred to a recorded plat and survey of the land in question," and the deed of trust in fact uses this language. Respondent's objection has no merit.

Respondent's assertion that the trial court relied upon the findings made by the Clerk of Court is frivolous. The court in its findings of fact states only that the Clerk's order "was based on the necessary and requisite finding of facts as set forth in the North Carolina General Statutes 45-21.16(d)"; it does not indicate that it is in any way influenced by these findings, and in fact expressly states that "respondent has appealed for a de novo hearing, which this court heard."

[6] The deed of trust refers to the plat and deed admitted as respondent's exhibit 1 as being recorded in the "*Clerk's Office*, Macon County Superior Court." The witness Clay, who prepared the deed of trust, testified that this was his error, caused by the fact that in Georgia, where he is licensed to practice, deeds and plats are recorded in the Clerk's Office rather than the Register of Deeds Office, and through habit he used the wrong designation. Respondent, though complaining of this error, has shown us no way in which he was prejudiced by the court's accepting it as a "typographical error," and we find no prejudice.

Respondent argues that he received no notice of the substitution of trustee, but the uncontradicted evidence is that notice was sent by certified mail to his last known address, and that the receipt was returned signed.

With regard to respondent's argument that the Notice of Foreclosure incorrectly calculated the interest due, we note only that if such an error was made, it would not invalidate notice of the foreclosure in the absence of a showing that respondent was prejudiced by the error.

Respondent has shown us no prejudicial error. The order of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.