ALTA W. McGOWAN, as successor in interest to JOE S. JOHNSON and SOUTHERN ATLANTIC CORPORATION, a North Carolina Corporation, Plaintiffs v. ARGO TRAVEL, INC., a North Carolina Corporation; RODAFI, INC., a North Carolina Corporation, d/b/a Capital Centre Development, Ltd.; RDFP, a North Carolina general partnership; COWEE CORPORATION, a North Carolina corporation; R.E.D., INC., a North Carolina corporation; ROY O. RODWELL; JOHN D. FIFE, JR.; and JOHN K. PIROTTE, Defendants

No. COA98-215

(Filed 15 December 1998)

**Appeal and Error— frivolous appeal—same issues and parties as prior cases—remanded for sanctions**

> An appeal was dismissed as frivolous with a remand for sanctions where the case was one in a long progeny of cases involving real estate brokerage commissions between the parties and presented the same issues between the same parties or their privies as were finally decided in prior cases.

Appeal by Joe S. Johnson, a substitute plaintiff, and plaintiff Alta W. McGowan from judgment filed 21 February 1997 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 17 November 1998.

*Joe S. Johnson, substitute plaintiff appellant, pro se.*

*Michael W. Strickland & Associates, P.A., by Michael W. Strickland, Nelson G. Harris, and Walter M. Dennis, for defendant appellees.*

McGOWAN v. ARGO TRAVEL, INC.

[131 N.C. App. 694 (1998)]

GREENE, Judge.

Alta W. McGowan and Joe S. Johnson (collectively, Plaintiffs) appeal from the entry of summary judgment for Argo Travel, *et al.* (collectively, Defendants).

This case is one in a long progeny of cases surrounding real estate broker's commissions and introductory fees allegedly owed to Plaintiffs by Defendants. The same dispute has been the subject of the following cases: *Southern Atlantic Corporation v. Rodafi, Inc.* (Wake County File No. 89 CVS 6022); *Enterprise Bank, N.A. v. Southern Atlantic Corporation et al.* (Wake County File No. 90 CVD 6212); *Southern Atlantic Corporation v. R.E.D., Inc. et al.* (Wake County File No. 92 CVS 2943); *Southern Atlantic Corporation v. R.E.D., Inc. et al.* (Wake County File No. 92 CVS 11745); and *Joe S. Johnson v. Rodafi, Inc.* (Wake County File No. 95 CVS 1265) (collectively, the Prior Cases).

Under the doctrine of res judicata, "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them" if all relevant and material matters, in the exercise of reasonable diligence of the parties, could and should have been brought forward. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986); *see also Northwestern Financial Group v. County of Gaston*, 110 N.C. App. 531, 536, 430 S.E.2d 689, 693, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993).

The companion doctrine of collateral estoppel similarly "prevents [the] relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *McInnis*, 318 N.C. at 428, 349 S.E.2d at 557.

Because this case presents the same issues between the same parties or their privies as were finally decided in the Prior Cases, the appeal is "not well grounded in fact and warranted by existing law," and thus is frivolous. N.C.R. App. P. 34(a)(1). Accordingly, we dismiss the appeal, N.C.R. App. P. 34(b)(1), and remand the matter to the trial court for the determination of an appropriate sanction within the scope of Rule 34(b)(2)&(3) of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 34(c).

WATER TOWER OFFICE ASSOCS. v. TOWN OF CARY BD. OF ADJUST.

[131 N.C. App. 696 (1998)]

Dismissed and remanded.

Judges LEWIS and HORTON concur.