W. HARVEY KNOTTS & LULA KNOTTS-THOMAS, Plaintiffs v. CITY OF SANFORD, Defendant

No. COA99-1577

(Filed 6 February 2001)

**1. Injunction— temporary restraining order—properly dissolved**

The trial court did not err by dissolving plaintiffs' temporary restraining order (TRO) under N.C.G.S. § 1A-1, Rule 65(b), because: (1) a TRO is a temporary measure that is in place only until a hearing can be held on a preliminary injunction and is properly dissolved if the preliminary injunction is not granted; and (2) the trial court refused to grant plaintiffs' request for a preliminary injunction.

**2. Cities and Towns— motion to dismiss complaint—demolition proceedings—taking of property without just compensation—alternate grounds remain**

The trial court did not err by granting defendant city's motion to dismiss plaintiffs' claim under N.C.G.S. § 1A-1, Rule 12(b)(6) for compensation based on an alleged unlawful taking of property arising out of the city beginning demolition proceedings when plaintiffs failed to comply with a consent order requiring them to repair or demolish a structure with substantial building code violations on the pertinent property, because: (1) the trial court granted the city's motion based on N.C.G.S. § 1A-1, Rule 12(b)(6), res judicata, and lack of subject matter jurisdiction, and plaintiffs have failed to assign error to the trial court's grant of the city's motion on the grounds of either res judicata or lack of subject matter jurisdiction; and (2) even if it were error to dismiss based upon Rule 12(b)(6), the trial court's order dismissing plaintiffs' complaint would still stand on the alternative grounds.

**3. Civil Procedure— hearing on motion to dismiss—demolition proceedings—taking of property without just compensation—waiver of notice**

The trial court did not err by hearing defendant city's motion to dismiss plaintiffs' complaint under N.C.G.S. § 1A-1, Rule 12(b)(6) for compensation based on an alleged unlawful taking of property arising out of the city beginning demolition proceedings when plaintiffs failed to comply with a consent order requiring them to repair or demolish a structure with substantial building code violations on the pertinent property even though plaintiffs contend they did not have proper notice under N.C.G.S. § 1A-1, Rule 6(d), because: (1) plaintiffs have waived notice in this matter by participating in the hearing on the city's motion; (2) plaintiffs' counsel never objected to the lack of notice, nor did counsel request a continuance on the hearing; and (3) the finding of the trial court that a different period was fixed for the hearing by order of the court is conclusive on appeal since it was not challenged.

Judge HUDSON concurring in part and dissenting in part.

Appeal by plaintiffs from order entered 23 October 1999 by Judge James F. Ammons, Jr., in Lee County Superior Court. Heard in the Court of Appeals 8 January 2001.

KNOTTS v. CITY OF SANFORD

[142 N.C. App. 91 (2001)]

*Law Office of Fred D. Webb, Jr., by Fred D. Webb, Jr., for plaintiff-appellants.*

*City Attorney Susan C. Patterson for defendant-appellee.*

SMITH, Judge.

This appeal arises from the trial court's order dissolving a Temporary Restraining Order and allowing defendant City of Sanford's (the City) motion to dismiss. We affirm.

In August 1997, the City's Code Enforcement Officer received a complaint of substantial building code violations at an apartment house located at 400/402 South Steele Street (the property), which is owned by, among others, plaintiff W. Harvey Knotts, Sr. (Mr. Knotts). After investigating the complaint, the City ordered the residents to vacate the property and scheduled a hearing regarding the violations. The hearing was held on 25 August 1997 and was attended by Mr. Knotts. Following the hearing, an order was issued finding the property to be

> in such a dilapidated and substandard state of disrepair that it constitutes a fire or safety hazard and is dangerous to life, health, and other property in the immediate vicinity, and is in such a condition as to constitute a public nuisance . . . .

Mr. Knotts was ordered to repair or demolish the structure within ninety days, establishing a deadline of 25 November 1997. Mr. Knotts failed to comply, and on 10 December 1997, the City notified Mr. Knotts that, because of noncompliance, the City was "refer[ring] this matter to the City Council, requesting [] an order to proceed with the demolition of this property." On 16 December 1997, the City passed "An Ordinance Directing the Building Inspector/Code Enforcement Officer to Repair or Demolish the Property Herein Described as Unfit for Human Habitation."

On or around 15 January 1998, in an action numbered 98 CVS 00046, Mr. Knotts sought a Temporary Restraining Order (TRO), Preliminary Injunction, and additional time to repair the building. The trial court granted the TRO, and on 29 January 1998, the City filed a motion to dissolve the TRO and to dismiss the complaint. The motion was heard on 2 February 1998, at which time the parties entered a Consent Order, which required the following:

1. That plaintiff shall present to defendant a complete set of sealed plans to correct all minimum housing code violations in accordance with the North Carolina State Building Code from an architect or engineer and a signed contract with a construction time table from a licensed general contractor on or before March 4, 1998;

2. That plaintiff shall have all repair work or demolition completed in accordance with the North Carolina State Building Code and a certificate of occupancy issued on the said property by June 30, 1998;

3. That defendant shall award completed bids for demolition of the said property and proceed to have the property demolished if plaintiff fails to meet the requirements of "1" or "2" of this Order hereinabove and plaintiff shall file a voluntary dismissal with prejudice in this matter.

4. That defendant shall issue a licensed contractor employed by plaintiff a building permit in accordance with City of Sanford permit application process upon plaintiff providing defendant with a complete set of sealed plans and a signed construction contract from a licensed general contractor with construction timetables as provided in paragraph one (1) of this Order.

Mr. Knotts failed to comply with the Consent Order, and the City again proceeded with demolition.

On 23 March 1998, Mr. Knotts filed a Motion for Relief from the Consent Order based on mistake, inadvertence, and excusable neglect. The matter was heard on 30 November 1998, and on 3 December 1998, the trial court denied Mr. Knotts' motion and ordered the City to proceed with demolition. Mr. Knotts appealed to this Court, but after first filing an unsettled record and then tardily filing a corrected record, this Court allowed the City's Motion to Dismiss Mr. Knotts' appeal.

Because the bids to demolish the property had expired, on 20 July 1999, the City Council awarded a re-bid to Kitts Grading. After sending notice to Mr. Knotts and allowing him the opportunity to demolish the structure, a contract was signed to begin demolition on 3 August 1999.

On 26 July 1999, Mr. Knotts and his daughter, plaintiff Lula Knotts-Thomas (Ms. Thomas), filed a complaint in the instant action

seeking a TRO, preliminary injunction, and compensation for the alleged taking of the property. On 2 August 1999 (filed 3 August), the trial court granted the TRO and scheduled a hearing on the request for preliminary injunction for 3 August 1999. On 3 August, the City filed a motion to dismiss on the grounds of lack of subject matter jurisdiction, *res judicata*, improper purpose in filing the action, failure to join necessary parties, failure to state a claim upon which relief can be granted, and irreparable harm to the citizens of the City. On 21 October 1999, the trial court dissolved the TRO, allowed the City's motion to dismiss, and stayed the demolition of the property pending appeal to this Court. From the order of dismissal, plaintiffs appeal.

Initially, we note that plaintiffs have failed to comply with the Rules of Appellate Procedure in several respects. First, the assignments of error in the record on appeal fail to make reference to the record page numbers where we may find the alleged error. *See* N.C. R. App. P. 10(c)(1) (Assignments of error must contain "clear and specific record or transcript references."). Second, the majority of the facts set forth in plaintiffs' brief are unaccompanied by references to the record and/or transcript in violation of N.C. R. App. P. 28(b)(4) (The statement of facts should be "supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be."). Finally, plaintiffs' arguments in the body of their brief are not followed by references to the assignments of error in violation of N.C. R. App. P. 28(b)(5) ("Immediately following each question [presented] shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal.").

Our rules of appellate procedure are mandatory, and failure to comply therewith subjects an appeal to dismissal. *See Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999) (per curiam) (dismissing appeal for appellate rules violations). Nonetheless, pursuant to N.C. R. App. P. 2, we have exercised our discretionary power and reached the merits of plaintiffs' appeal.

I.

[1] Plaintiffs first contend "[t]he [trial] [c]ourt erred in dismissing Plaintiff's [sic] Temporary Restraining Order." Their argument on appeal, however, focuses solely on the trial court's refusal to award

plaintiffs a preliminary injunction. As plaintiffs failed to assign error to the trial court's refusal to grant plaintiffs' request for preliminary injunction, we will not entertain this argument on appeal.

Under N.C. Gen. Stat. § 1A-1, Rule 65(b) (1999), a TRO is a temporary measure that is in place only until a hearing can be held on a preliminary injunction and is properly dissolved if the preliminary injunction is not granted. Accordingly, plaintiffs' argument is without merit, and this assignment of error is overruled.

## II.

[2] Plaintiffs next contend the trial court erred in granting the City's motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1999) (failure to state a claim upon which relief may be granted). Plaintiffs contend this was error because "the complaint affirmatively alleges a taking in violation of the Plaintiff's [sic] constitutional rights without just compensation." However, the trial court granted the City's motion based on *res judicata*, lack of subject matter jurisdiction, and Rule 12(b)(6), and plaintiffs have failed to assign error to the trial court's grant of the City's motion on the grounds of either *res judicata* or lack of subject matter jurisdiction. Accordingly, even if we were to find error in the trial court's dismissal based upon Rule 12(b)(6), which we expressly decline to do, *see Harrell v. City of Winston-Salem*, 22 N.C. App. 386, 392, 206 S.E.2d 802, 806 (1974) (stating that the city's police power, which has been delegated by the State, permits the prohibition of use of private property that may threaten the public health, safety, or morals or the general welfare and, when so exercised, the owner need not be compensated, even though the property is thereby rendered substantially worthless), the trial court's order dismissing plaintiffs' complaint would still stand on the alternative grounds.

For instance, "[u]nder the doctrine of res judicata, 'a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them' if all relevant and material matters, in the exercise of reasonable diligence of the parties, could and should have been brought forward." *McGowan v. Argo Travel, Inc.*, 131 N.C. App. 694, 695, 507 S.E.2d 601, 601 (1998) (citations omitted). Because this case presents the same issues (or those that could have been raised) between the same parties or their privies as were finally decided in the previous case, the trial court properly dismissed plaintiffs' com-

**KNOTTS v. CITY OF SANFORD**

[142 N.C. App. 91 (2001)]

plaint on *res judicata* grounds. Accordingly, this assignment of error is overruled.

## III.

**[3]** Finally, plaintiffs assign error to "[t]he [c]ourt's hearing of defendant's motion to [d]ismiss the Complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure without proper [n]otice under Rule 6(d) of the North Carolina Rules of Civil Procedure." They thus argue that the trial court's decision to dismiss their complaint was reversible error. We disagree.

Initially, we note that plaintiffs' argument in their brief relates *not* to N.C. Gen. Stat. § 1A-1, Rule 6(d) (1999), as is specifically set forth in plaintiffs' assignments of error, but to N.C. Gen. Stat. § 1A-1, Rule 56 (1999). The time limitations in the two rules are substantially different. As notice pursuant to Rule 56 was not made the basis of an assignment of error, this argument is not properly presented for review.

Nonetheless, plaintiffs have waived notice in this matter. In *Raintree Corp. v. Rowe*, this Court faced a similar situation and stated:

> At the hearing on the motions to dismiss, plaintiff stipulated to the use of documents outside the pleadings, participated in oral arguments, entered into a stipulation of facts, and responded in writing. Plaintiff did not make a timely objection to the hearing on 15 September 1977. Plaintiff did not request a continuance. Plaintiff did not request additional time to produce evidence pursuant to Rule 56(f). On the contrary, plaintiff participated in the hearing through counsel. The 10-day notice required by Rule 56 can be waived by a party. *Story v. Story*, 27 N.C. App. 349, 219 S.E.2d 245 (1975). The notice required by this rule is procedural notice as distinguished from constitutional notice required by the law of the land and due process of law. By attending the hearing of the motion on 15 September 1977 and participating in it and failing to request a continuance or additional time to produce evidence, plaintiff waived any procedural notice required.

38 N.C. App. 664, 667-68, 248 S.E.2d 904, 907 (1978); *see also Richland Run Homeowners Assn. v. CHC Durham Corp.*, 123 N.C. App. 345, 347, 473 S.E.2d 649, 651 (1996) ("[B]y attending and participating in the hearing without objection or without requesting a continuance, plaintiff waived any right to object to the summary judgment hearing

on the ground of lack of notice."), *rev'd per curiam on other grounds*, 346 N.C. 170, 484 S.E.2d 527 (1997).

In the case at bar, contrary to the assertion made by the dissent, plaintiffs participated in the hearing on the City's motion. First, their counsel argued that they need not have exhausted any administrative remedies. Next, they argued that the present case was distinguishable from the prior filing, thus precluding application of *res judicata.* They also argued the merits of their case.

Likewise, plaintiffs' counsel never objected to the lack of notice, nor did counsel request a continuance on the hearing. The extent of the discussion regarding lack of notice is as follows:

[PLAINTIFFS' COUNSEL:]  And you cannot dismiss a complaint whenever we haven't gone through discovery. We haven't done anything, prepared, no answer's been filed, res judicata, collateral estoppel, all those are matters that have to be pled, not put in motion when you get them today and you hear them tomorrow. And so basically what—the matter pending and the answer not being filed, and I think it certainly would be inadvertent to dismiss anything as it relates to the—particularly to the complaint itself.

[THE COURT:] Well, you're not saying that she has to file an answer before I can consider either summary judgment or 12(b)(6), are you?

[PLAINTIFFS' COUNSEL:] No, but she has to put us on proper notice for summary judgment and 12(b)(6).

. . . .

. . . I got the motion this morning, Judge. I mean, I got the motion this morning.

While there was discussion of lack of notice, counsel for plaintiffs neither objected, moved for a continuance, nor requested additional time to produce evidence. Accordingly, we hold that plaintiffs have waived the notice requirement.

Notwithstanding plaintiffs' waiver of notice, N.C. Gen. Stat. § 1A-1, Rule 6(d) (1999) provides in pertinent part that "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the

**KNOTTS v. CITY OF SANFORD**

[142 N.C. App. 91 (2001)]

time specified for the hearing, *unless a different period is fixed by these rules or by order of the court.*" (Emphasis added.) In the trial court's order dismissing plaintiffs' complaint, it stated in its findings of fact:

> [T]his is an action upon Plaintiffs [sic] request for a Temporary Restraining Order and Preliminary Injunction, and a Complaint for an alleged taking without compensation; and Defendants [sic] Motion to Dismiss.
>
> . . . .
>
> 17. *A hearing was scheduled for August 4, 1999, at 2:00 p.m., for Plaintiffs Temporary Restraining Order and an Injunction hearing, and Defendant's Motion to Dismiss.*

(Emphasis added.) As finding 17 was not challenged on appeal, it is conclusive. *See Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 22, 411 S.E.2d 645, 650 (1992). As this finding indicates that "a different period [was] fixed . . . by order of the court," N.C. Gen. Stat. § 1A-1, Rule 6(d), there can be no violation of the Rule 6(d) notice requirements.

For the reasons stated hereinabove, we affirm the trial court's order.

Affirmed.

Chief Judge EAGLES concurs.

Judge HUDSON concurs in part and dissents in part.

HUDSON, Judge, concurring in part and dissenting in part.

I concur with the majority's analysis of issues I and II. However, I believe that plaintiffs were entitled to notice of the hearing on the motion to dismiss, pursuant to Rules 12(b) and 6(d). *See* N.C.R. Civ. P. 12(b) and 6(d). Accordingly, I would reverse the trial court's order and remand for a hearing on the motion to dismiss.

Defendant's motion to dismiss was filed on 3 August 1999, and served on plaintiffs' counsel by hand on 4 August 1999, the day on which a hearing had been scheduled to address plaintiffs' request for a preliminary injunction. At the appointed time, the parties

appeared for the scheduled hearing. Plaintiffs' counsel participated in the hearing and discussed the issues of *res judicata* and exhaustion of administrative remedies, but such participation and discussion occurred only within the context of addressing the preliminary injunction.

After hearing from the parties on the request for injunction, the court shifted the discussion to defendant's motion to dismiss. At that time, plaintiffs' counsel immediately pointed out that notice had not been properly given for a motion to dismiss or for a motion for summary judgment, pursuant to Rule 12(b). The comments of plaintiffs' counsel quoted by the majority were, in my view, sufficient to communicate an objection to the lack of notice. Despite counsel's contention that notice had not been properly given, the court proceeded to enter two orders: one denying the request for preliminary injunction, and one allowing the motion to dismiss. Unlike the plaintiff in *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E.2d 904 (1978), a case cited by the majority, plaintiffs in the instant case did not stipulate to any documents, and were not given an opportunity to argue the merits of the motion to dismiss.

In my view, the circumstances in the case at bar constitute a violation of the specific terms of Rules 12(b) and 6(d), both of which are cited in plaintiffs' third assignment of error, and in Argument III of plaintiffs' brief. First, Rule 12(b) states, in pertinent part:

> If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C.R. Civ. P. 12(b). The motion in the instant case was filed with numerous attachments, including affidavits and other documents which were outside of the pleading and which were not excluded by the court. Rule 12(b) requires that such a motion be treated as a motion for summary judgment. *See, e.g., Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979).

This Court has consistently held that "Rule 12(b) clearly contemplates the case where a party is 'surprised' by the treatment of a Rule 12(b)(6) motion as one for summary judgment," and that, in such

cases, Rule 12(b) "affords such a party a reasonable opportunity to oppose the motion with . . . materials made pertinent to such a motion." *Locus v. Fayetteville State University*, 102 N.C. App. 522, 528, 402 S.E.2d 862, 866 (1991); *see also Raintree Homeowners Assoc. v. Raintree Corp.*, 62 N.C. App. 668, 673, 303 S.E.2d 579, 582, *disc. review denied*, 309 N.C. 462, 307 S.E.2d 366 (1983) ("It is significant that the rule provides a 'reasonable opportunity' rather than requiring that the presentation of materials be in accordance with Rule 56."). Plaintiffs were essentially deprived of an opportunity to address the merits of defendant's motion. Therefore, I believe we should remand so that plaintiffs have a "reasonable opportunity to present all material made pertinent" to the motion.

Furthermore, even if it were not necessary to treat the motion to dismiss as a motion for summary judgment pursuant to Rule 12(b), the lack of notice in the instant case would still violate Rule 6(d), which requires that "[a] written motion . . . and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court." N.C.R. Civ. P. 6(d). Here, the motion to dismiss was served on the same day as the hearing to address the motion, and there is nothing in the record to indicate that a different notice period was "fixed . . . by order of the court." Rather, it appears from the transcript that plaintiffs' counsel had no notice that the motion to dismiss would be addressed on that day. The majority states that the Order, which was entered 21 October 1999—more than two months *after* the date of the hearing—"fixed" a different notice period. I do not believe that the Rule contemplates that the notice period may be shortened by an order entered after the fact. Such an interpretation would conflict with the very definition of the word "notice" by allowing a dismissal on the merits where the non-moving party has, in fact, no meaningful notice at all.

By conducting a hearing on defendant's motion to dismiss on the same day that the motion was served on plaintiffs' counsel, the court deprived plaintiffs of the opportunity to produce materials relevant to the motion, and to defend against the motion. The notice requirements in Rules 12(b) and 6(d) are mandatory and should not be ignored, especially where, as in the instance case, the impact of ignoring the requirements is dispositive. I would reverse and remand to allow plaintiffs an opportunity to respond to defendant's motion to dismiss.