RIVERPOINTE HOMEOWNERS ASSOCIATION, INC., PETITIONER v. TANYA MALLORY, RESPONDENT

No. COA07-127

(Filed 19 February 2008)

1. **Associations— homeowners association—North Carolina Planned Community Act—declaration—powers—levy of fines—foreclosure on claim of lien**

The trial court erred by finding as fact that the pertinent declaration of covenants did not permit the levying of fines as a means of enforcing its terms and that petitioner homeowners association did not have the power to foreclose on a claim of lien, because: (1) the North Carolina Planned Community Act under N.C.G.S. § 47F-3-102 was amended effective 17 July 2004 to

remove the permissive words "subject to" and replaced with explicit language stating that a homeowners association may exercise the listed powers unless its articles of incorporation or declaration expressly provided to the contrary; (2) the Court of Appeals has previously determined that the retroactive application of the revised statute does not violate the contract clause of the United States Constitution; (3) petitioner was created before 1 January 1999 and its articles of incorporation and declaration do not expressly provide that it may not fine residents who violate its rules and regulations; and (4) all of the events in question occurred after 17 July 2004 when the Act was amended.

## 2. Notice— foreclosure hearing—waiver—presence and participation in hearing

The trial court erred in a case involving foreclosure on a claim of lien by concluding as a matter of law that respondent homeowner received improper notice and that respondent's actual notice of the hearing was irrelevant, because: (1) when the record shows that a party to a foreclosure hearing was present at the hearing and participated in it, it is well-settled that a party entitled to notice may waive notice in this way; and (2) the record and the order in the instant case revealed that respondent waived notice in that manner when she was present at the hearing and participated in it.

Appeal by petitioner from judgment entered 25 August 2006 by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 October 2007.

*Michelle Price Massingale for petitioner.*

*Tanya Mallory, respondent, pro se.*

ELMORE, Judge.

RiverPointe Homeowners Association, Inc. (petitioner), appeals an order preventing it from foreclosing its claim of lien on Tanya Mallory (respondent). For the reasons stated below, we reverse the order of the superior court.

Respondent purchased a home in the RiverPointe residential community in Charlotte. RiverPointe homeowners are subject to certain restrictive covenants in an "Amended and Restated Declaration of Covenants, Conditions and Restrictions for RiverPointe" (the

Declaration), including "[k]eeping land, including any lawns and shrub beds, well maintained and free of trash, uncut grass more than six (6") inches in height and weeds." On 9 May 2005, petitioner sent respondent a letter stating that her lawn was "in serious need of maintenance" and that other residents had complained about the condition of her lawn. The letter stated that it was a "friendly reminder that [respondent's] property needs to be maintained on a weekly basis, including lawn cutting, trimming, weed control and removal of weeds from the lawn and all plant beds."

Respondent did not undertake the suggested property maintenance and petitioner sent respondent a notice that the Executive Board of the Homeowners' Association would hold a hearing on 25 August 2005 to determine whether respondent had failed to maintain her property in accordance with the Declaration and whether she had removed landscaping without the required approval from the Architectural Control Committee (the ACC). Respondent attended the hearing. Petitioner held the hearing, pursuant to N.C. Gen. Stat. § 47F-3-102(12), and made the following determinations:

1. Respondent was in violation of two provisions of the Declaration.

2. Respondent received a $150.00 fine for failing to maintain her property.

3. Respondent received a $150.00 fine for removing landscaping without approval from the ACC.

4. Respondent was "required to submit in writing an appropriate architectural review application and landscape plan" by 4 September 2005 or face a $50.00 daily fine until an appropriate plan is submitted.

5. Respondent was required to "fully complete installation of [her] landscape plan to bring [her] property into compliance" with the Declaration by 31 October 2005. Failure to do so would result in a $150.00 daily fine until the plan was completed.

Respondent did not submit a complete landscaping plan and did not pay the fines assessed during the hearing. On 27 October 2005, petitioner sent respondent a statement showing that she owed $2,200.00 in fines. Petitioner filed a lien against respondent's RiverPointe property on 4 November 2005 securing payment of $1,150.00, which was more than thirty days past due as of 5 October

2005, together with other charges, interest at eighteen percent per annum, costs, and attorneys' fees. Petitioner initiated a foreclosure proceeding on 6 December 2005 and sent a notice to respondent informing her of the hearing date on 12 January 2006. The notice also stated that she could redeem her property and terminate petitioner's power of sale by paying the fines and expenses secured by the lien.

The Mecklenburg Sheriff's office could not deliver the foreclosure notice to respondent because she was either not at home or would not answer the door. The Sheriff's office then completed service by posting. Although respondent now disputes notice, she and her attorney attended the 12 January 2006 hearing and requested a continuance. The clerk granted the continuance and the hearing was rescheduled for 6 February 2006. Both parties appeared at the 6 February 2006 hearing, and the clerk entered an order denying foreclosure of claim of lien on 14 February 2006. Petitioner appealed to the superior court, which entered an order preventing foreclosure and ordering that the claim of lien be removed.

[1] Petitioner first argues that the superior court erred by finding as fact that the Declaration does "not permit the levying of fines as a means of enforcing its terms, and as such, Petitioner does not have the power to foreclose the . . . claim of lien." Petitioner argues that the superior court also erred by concluding as a matter of law that our Supreme Court's decision in *Wise v. Harrington Grove Community Association, Inc.*, 357 N.C. 396, 584 S.E.2d 731 (2003), precludes petitioner from pursuing the relief sought. We agree.

The North Carolina Planned Community Act (the Act) states, in relevant part:

(c)Notwithstanding the provisions of subsection (a) of this section, G.S. 47F-3-102(1) through (6) and (11) through (17) (Powers of owners' association) . . . *apply to all planned communities created in this State before January 1, 1999, unless the articles of incorporation or the declaration expressly provides to the contrary* . . . . These sections apply only with respect to events and circumstances occurring on or after January 1, 1999 . . . .

N.C. Gen. Stat. § 47F-1-102 (2005) (emphasis added). N.C. Gen. Stat. § 47F-3-102 states, in relevant part:

Unless the articles of incorporation or the declaration expressly provides to the contrary, the association may:

(12) After notice and an opportunity to be heard, impose reasonable fines or suspend privileges or services provided by the association (except rights of access to lots) for reasonable periods for violations of the declaration, bylaws, and rules and regulations of the association[.]

N.C. Gen. Stat. § 47F-3-102 (2005).

This section was amended, effective 17 July 2004. The Supreme Court's decision in *Wise* was based on the previous version of N.C. Gen. Stat. § 47F-3-102, which stated, "*Subject to* the provisions of the articles of incorporation or the declaration and the declarant's rights therein, the association *may*" impose reasonable fines for violations of the association's rules. N.C. Gen. Stat. § 47F-3-102 (2003) (emphasis added). The Supreme Court held that the statute's use of the words "subject to" and "may" require a permissive reading. *Wise*, 357 N.C. at 403, 584 S.E.2d at 737. "[T]his statute does not automatically grant the listed powers to all homeowners associations. Instead, it appears N.C.G.S. § 47F-3-102 merely allows the alteration of an association's declaration, articles of incorporation, and by-laws to permit the exercise of these powers by associations in existence prior to 1999." *Id.* The homeowners' association in *Wise* had not amended its declaration, articles of incorporation, or by-laws to explicitly permit it to fine anyone. *Id.* at 404, 584 S.E.2d at 737-38. Accordingly, the Supreme Court held that the homeowners' association could not levy fines on residents. *Id.* at 407, 584 S.E.2d at 739-40.

When the legislature amended N.C. Gen. Stat. § 47F-3-102, it removed the permissive words "subject to" and replaced them with explicit language stating that a homeowners' association may exercise the listed powers unless its articles of incorporation or declaration expressly provides to the contrary. N.C. Gen. Stat. § 47F-3-102 (2005). It appears that the legislature's intent was to address the concerns raised by the Supreme Court in *Wise* and clarify that homeowners' associations have the enumerated powers unless their documents expressly provide to the contrary. This Court has already examined the revised statute and determined that its retroactive application does not violate the contract clause of the United States Constitution. *Reidy v. Whitehart Ass'n, Inc.*, 185 N.C. App. 76, 83-84, 648 S.E.2d 265, 269-70 (2007).

Petitioner was created before 1 January 1999 and its articles of incorporation and declaration do not expressly provide that it may not fine residents who violate its rules and regulations. All of the

events in question occurred after 17 July 2004, when the Act was amended. Accordingly, we hold that petitioner does have the power to levy fines against respondent, to file a claim of lien, and foreclose upon that claim of lien.

[2] Petitioner next argues that the superior court erred by concluding as a matter of law that respondent received improper notice, and that respondent's "actual knowledge of the hearing [was] irrelevant." Again, we agree. We have previously held that when the record shows that a party to a foreclosure hearing "was present at the hearing and participated in it[,] [i]t is well-settled that a party entitled to notice may waive notice in this way." *In re Foreclosure of Norton,* 41 N.C. App. 529, 531, 255 S.E.2d 287, 289 (1979). Here, the record, as well as the order, reflects that respondent was present at the hearing and participated in it. Accordingly, she waived notice in that manner, and it was improper for the superior court to hold that her actual knowledge of the hearing was irrelevant.

We reverse the order of the superior court.

Reversed.

Judges McGEE and TYSON concur.