ELMORE, Judge.
On 3 March 2014, the trial court entered an order allowing Claude Ray Shrum (defendant) the right to foreclose under a power of sale on a Lincoln County property. James Louis (Louis) and Lake Norman Land Trust, LLC (LNLT) (together "plaintiffs") filed a complaint seeking a preliminary injunction and to set aside the foreclosure order pursuant to North Carolina Civil Procedure Rule 60(b). Plaintiffs obtained a temporary restraining order (TRO) to enjoin the foreclosure proceedings on 21 May 2014. The court denied plaintiffs' motions and dissolved the TRO on 13 June 2014. Plaintiffs appeal. After careful consideration, we hold the trial court's decisions were free from error.
I. Background
On 14 February 2005, plaintiff LNLT executed a deed of trust and a purchase money promissory note to defendant Shrum in the amount of $285,000 for a property located in Lincoln County. Plaintiff LNLT transferred the property by quitclaim deed to plaintiff Louis on 24 September 2008, as permitted under the deed of trust and promissory note. In August 2013, defendant Shrum sent plaintiff Louis a default letter stating that plaintiff Louis had failed to make six payments as required by the promissory note and owed $819.51 in property taxes.
On 6 November 2013, the Clerk of Superior Court of Lincoln County, by order, found that defendant Shrum was the holder of the purchase money promissory note that evidenced a valid debt owed by LNLT and the purchase money promissory note was in default. The clerk of court authorized Substitute Trustee Robert J. Brown to "foreclose under the terms of the ... Purchase Money Deed of Trust and give notice of and conduct a foreclosure sale" of the property.
After appealing the clerk of court's decision de novoto superior court, Judge Hugh B. Lewis similarly entered an order (the foreclosure order) on 3 March 2014 allowing defendant Shrum the right to proceed with the foreclosure and finding that proper notice had been given to plaintiffs LNLT and Louis.
Plaintiffs filed a complaint on 19 May 2014 seeking two avenues of relief from the foreclosure order: (1) a ruling to set aside the foreclosure order pursuant to North Carolina Civil Procedure Rule 60(b) because Substitute Trustee Brown failed to provide proper notice under N.C. Gen.Stat. § 45-21.16 and was not a neutral trustee; and (2) a preliminary injunction to enjoin the foreclosure on equitable grounds pursuant to N.C. Gen.Stat. § 45-21.34 because Substitute Trustee Brown and defendant Shrum knowingly failed to properly notify plaintiffs of the foreclosure hearing and committed constructive fraud upon the trial court. On 21 May 2014, plaintiffs obtained a TRO to enjoin the foreclosure proceedings, effective for ten days from entry of the order.
Plaintiffs' motions for a preliminary injunction or, in the alternative, relief from the foreclosure order under Rule 60(b) were heard before Judge Lewis on 27 May 2014. By way of an order (the denial order) entered on 13 June 2014, Judge Lewis denied plaintiffs' motion for a preliminary injunction and motion for relief under Rule 60(b), and dissolved the TRO.
II. Analysis
On appeal, plaintiffs argue the trial court erred by denying their motion for relief pursuant to Rule 60(b), by denying their motion for a preliminary injunction, and by dissolving the TRO. We will address each of these arguments in turn.
a.) Rule 60(b)
Plaintiffs argue the trial court erred by denying their Rule 60(b) motion because Substitute Trustee Brown: (1) failed to provide proper notice of the hearings; and (2) was not a neutral party fit to represent plaintiffs during the foreclosure proceedings. We disagree
We review a Rule 60(b) motion for an abuse of discretion. Wallis v. Cambron,194 N.C.App. 190, 194, 670 S.E.2d 239, 242 (2008). "An abuse of discretion occurs only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." State v. McCallum,187 N.C.App. 628, 633, 653 S.E.2d 915, 919 (2007) (citations and quotations omitted).
A Rule 60(b) motion allows a trial court to:
[R]elieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) Any other reason justifying relief from the operation of the judgment.
N.C. Gen.Stat. § 1A-1, Rule 60(b) (2013).
i.) Improper Notice
Plaintiffs argue that the trial court erred by denying their Rule 60(b) motion because "the evidence of record fails to prove the Trustee provided notice in accordance with N.C.G.S. 45-21 [.16]." We disagree.
The notice requirements subject to N.C. Gen.Stat. § 45-21.16, in relevant part, state:
[N]otice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure for service of summons, including service by registered mail or certified mail, return receipt requested. However, ... if service upon a party cannot be effected after a reasonable and diligent effort in a manner authorized above, notice to such party may be given by posting the notice in a conspicuous place and manner upon the property not less than 20 days prior to the date of hearing.
N.C. Gen.Stat. § 45-21.16(a) (2013).
However, we have rejected a party's argument that a foreclosure order should be set aside on the basis of improper notice when "the record shows that [the party or its attorney was] present at the hearing and participated in it [.]" In re Foreclosure of Brown,156 N.C.App. 477, 489, 577 S.E.2d 398, 406 (2003) ; see In re Foreclosure of Norton,41 N.C.App. 529, 531, 255 S.E.2d 287, 289 (1979) (concluding that a party failed to show prejudice stemming from insufficient notice of a foreclosure hearing when the party was at the hearing).
Here, the foreclosure hearing before the clerk of court occurred on 6 November 2013 and the de novoappeal in superior court occurred on 31 January 2014. The record indicates that attorney Harry C. Marsh was present at the hearing before the clerk of court representing plaintiffs, and attorney James Surane was present for plaintiffs before the superior court hearing. Thus, in light of our case law, plaintiffs' argument fails. Moreover, plaintiffs do not articulate any argument that they were prejudiced as a result of the alleged insufficient notice.
Therefore, the trial court did not abuse its discretion by rejecting plaintiffs' argument that the foreclosure order be set aside for insufficient notice and by denying plaintiffs' Rule 60(b) motion.
ii.) Substitute Trustee Neutrality
Next, plaintiffs argue that the trial court erred by denying their Rule 60(b) motion because Substitute Trustee Brown was "not a neutral party.... [H]e has represented multiple defendants against [plaintiff] LNLT." We disagree.
N.C. Gen.Stat. § 45-21.16(c)(7)(b) requires that a substitute trustee is a "neutral party and, while holding that position in the foreclosure proceeding, may not advocate for the secured creditor or for the debtor in the foreclosure proceeding[.]" N.C. Gen.Stat. § 45-21.16(c)(7)(b) (2013).
Importantly, plaintiffs do not argue that Substitute Trustee Brown impermissibly advocated for defendant Shrum during the foreclosure proceeding. Indeed, the record is devoid of any such evidence. The crux of plaintiffs' argument is that because Substitute Trustee Brown had represented parties against plaintiff LNLT in the past, he was not neutral. Substitute Trustee Brown's representation of other parties against plaintiff LNLT occurred in 2007, 2008, and 2009. Foreclosure proceedings in this matter did not begin until 2013.
The mere fact that Substitute Trustee Brown represented parties against plaintiff LNLT in the past, without more, is insufficient to establish that he was not neutral during the foreclosure proceedings. Moreover, plaintiffs have failed to point to any specific conduct by Substitute Trustee Brown that prejudiced them during the foreclosure proceedings. Rather, plaintiffs make a blanket argument that "prior representation of adverse interest against this particular debtor would preclude this trustee from being able to act as a neutral party." Notably, at the superior court hearing regarding whether Substitute Trustee Brown was neutral, counsel for plaintiffs stated: "Not suggesting that any improprieties, not improprieties, the appearance thereof that is problematic." N.C. Gen.Stat. § 45-21.16(c)(7)(b), however, speaks only to the requirement that a trustee "may not advocate" for either the creditor or debtor; it does not speak to the appearance of improprieties. N.C. Gen.Stat. § 45-21.16(c)(7)(b).
Accordingly, the trial court did not abuse its discretion by denying plaintiffs' Rule 60(b) motion based on plaintiffs' argument that Substitute Trustee Brown was not a neutral party.
b.) Preliminary Injunction
Plaintiffs also argue the trial court erred by denying their motion for a preliminary injunction to enjoin the foreclosure on equitable grounds pursuant to N.C. Gen.Stat. § 45-21.34. We disagree.
Plaintiff carries the burden to establish its entitlement to a preliminary injunction. Pruitt v. Williams,288 N.C. 368, 372, 218 S.E.2d 348, 351 (1975). Generally, a trial court will issue a preliminary injunction:
(1) if a plaintiff is able to show likelihoodof success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.
Kennedy v. Kennedy,160 N.C.App. 1, 8, 584 S.E.2d 328, 333 (2003) (citation omitted) (emphasis in original). "On an appeal from an order of a superior court judge granting or refusing a preliminary injunction, [this Court] is not bound by the findings of fact of the hearing judge, but may review and weigh the evidence and find the facts for itself." Pruitt,288 N.C. at 372-73, 218 S.E.2d at 351 (citation omitted).
Here, plaintiffs argue the trial court erred by denying their motion for a preliminary injunction because: "[plaintiffs] showed that (1) they were likely to succeed on the merits of the case; and (2) that [plaintiffs] would sustain irreparable loss unless the injunction was issued, or the issuance was necessary for the protection [of plaintiffs'] rights during the course of litigation."
Other than the aforementioned statement that merely restates the relevant law, plaintiffs make no specific argument nor do they point to any particular record evidence to show that the trial court's denial of their preliminary injunction would cause them irreparable loss or that the preliminary injunction was necessary for the protection of their rights during the litigation. Furthermore, based on our holding with respect to plaintiffs' Rule 60(b) motion, it is clear that plaintiffs would not have succeeded on the merits of their case. We therefore treat the undiscussed portions of plaintiffs' argument as abandoned. SeeN.C.R.App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").
As such, plaintiffs have not shown that they would sustain irreparable loss without the injunction or that the injunction was necessary for the protection of their rights. Plaintiffs needed to establish the presence of either of these factors in order to show that the trial court erred. Accordingly, the trial court did not err in denying plaintiffs' motion for a preliminary injunction.
c.) Temporary Restraining Order
Finally, plaintiffs argue that the trial court erred by dissolving the TRO because it failed to provide any findings of fact to support its decision. We disagree.
"[A] TRO is a temporary measure that is in place only until a hearing can be held on a preliminary injunction and is properly dissolved if the preliminary injunction is not granted." Knotts v. City of Sanford,142 N.C.App. 91, 96, 541 S.E.2d 517, 520 (2001). North Carolina Civil Procedure Rule 65(d) only requires that an "order granting an injunction and every restraining order shall set forth the reasons for its issuance[.]" N.C. Gen.Stat. § 1A-1, Rule 65(d) (2013). Contrary to plaintiffs' argument, "findings of fact and conclusions of law are necessary on the granting or denying of a preliminary injunction or any other provisional remedy only when required by statute expressly relating to such remedy or requested by a party." N.C. Gen.Stat. § 1A-1, Rule 52(a)(2) (2013) ; Pruitt,288 N.C. at 374, 218 S.E.2d at 352.
Here, there is no applicable statute requiring the trial court to make findings of fact under these circumstances, and plaintiffs did not request findings of fact to be made by the trial court. See Rosser v. Matthews,217 N.C. 132, 134, 6 S.E.2d 849, 850 (1940) ("In the absence of such request it will be presumed that sufficient facts were found to support the [dissolving of a TRO]."). Therefore, plaintiffs' argument fails.
Additionally, because the trial court properly denied plaintiffs' motion for a preliminary injunction based on the analysis above, it did not err by dissolving the TRO. See Knotts,142 N.C.App. at 96, 541 S.E.2d at 520.
III. Conclusion
In sum, we affirm the order denying plaintiffs' motion for relief under Rule 60(b), denying plaintiffs' motion for a preliminary injunction, and dissolving the TRO. Accordingly, because plaintiffs failed to establish any grounds to set aside the foreclosure order, we affirm the trial court's foreclosure order.
AFFIRMED.
Judges CALABRIA and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs from orders entered 3 March 2014 and 13 June 2014 by Judge Hugh B. Lewis in Lincoln County Superior Court. Heard in the Court of Appeals 20 May 2015.