An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1159

Filed: 1 September 2015

Wake County, No. 11 SP 5867

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY GEDDIE HERRING DATED NOVEMBER 20, 2003 AND RECORDED IN BOOK 10614 AT PAGE 913 IN THE WAKE COUNTY PUBLIC REGISTRY, NORTH CAROLINA.

Appeal by respondent from order entered 31 January 2014 by Judge Michael R. Morgan in Wake County Superior Court. Heard in the Court of Appeals 18 February 2015.

> *Womble Carlyle Sandridge & Rice, by Amanda G. Ray and Jesse A. Schaefer, for petitioner-appellee.*
>
> *Brent Adams & Associates, by Brenton D. Adams, for respondent-appellant.*

GEER, Judge.

Respondent Geddie Herring appeals from an order authorizing petitioner Wells Fargo Bank, N.A. ("Wells Fargo") to proceed with foreclosure by power of sale. On appeal, respondent seeks reversal on the grounds that the petition was not brought in the name of the real party in interest and that the notice of the foreclosure hearing before the clerk of court was inadequate. Because respondent failed to make either argument at the trial level, he waived any objection, and we affirm.

Facts

The record on appeal reveals the following facts. On 20 November 2003, respondent executed an agreement for an equity line of credit with World Savings Bank for $100,000.00. Respondent secured the line of credit by executing a deed of trust as to certain real property. Gary Bradley was named the trustee. World Savings Bank filed the deed of trust with the Wake County Register of Deeds on 31 December 2003.

World Savings Bank merged with Wachovia Bank, and on 8 November 2007 World Savings Bank amended its name to become Wachovia Mortgage. On 15 August 2008, respondent defaulted on the deed of trust. On 28 April 2011, Wachovia Mortgage merged with petitioner. On 12 December 2011, petitioner filed a document with the Wake County Register of Deeds substituting Mr. Bradley with "Grady I. Ingle Or Elizabeth B. Ells" as trustees. The following day, an attorney acting on behalf of either Mr. Ingle or Ms. Ells filed a notice of foreclosure as to the property securing respondent's deed of trust in Wake County Superior Court. On 27 February 2013, petitioner filed another document with the Wake County Register of Deeds that "remove[d] Gary Bradley, as Trustee and . . . remove[d] any Substitute Trustee or Trustees who may have been previously appointed in place of the original Trustee, and . . . appoint[ed] and substitute[d] The Ford Firm, PLLC to serve, effective immediately, as Substitute Trustee . . . ."

Following a hearing on 27 February 2013, the clerk of court entered an order permitting petitioner to proceed with foreclosure by power of sale. Respondent appealed that order to Wake County Superior Court. At a hearing on 9 January 2014, respondent objected on the grounds of hearsay as to each exhibit introduced by petitioner -- the trial court overruled all of petitioner's objections. On 31 January 2014, the trial court entered an order permitting petitioner to proceed with foreclosure by power of sale, and respondent timely appealed that order to this Court.

I

We first address petitioner's motion to dismiss this appeal based on respondent's violations of the Rules of Appellate Procedure, including an alleged failure to timely contract for and have delivered a transcript of the 9 January 2014 proceedings, an alleged failure to timely serve a proposed record on appeal on petitioner, and an alleged failure to timely file the record on appeal. It is well established that "[c]ompliance with the [Rules of Appellate Procedure] . . . is mandatory." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 362 (2008). Nonetheless, it is equally well settled that while "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal[,]" " 'it is the task of an appellate court to resolve appeals on the merits if at all possible' " and, therefore, "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the

appeal." *Id.* at 197, 198, 199, 657 S.E.2d at 365, 366 (quoting 5 Am. Jur. 2d. *Appellate Review* § 804, at 540 (2007)).

"[O]nly in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." *Id.* at 200, 657 S.E.2d at 366. Moreover, "the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a 'substantial failure' or 'gross violation.'" *Id.* at 199, 657 S.E.2d at 366 (quoting N.C.R. App. P. 25, 34). "In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process." *Id.* at 200, 657 S.E.2d at 366-67.

Even assuming, without deciding, that respondent failed under the Rules of Appellate Procedure to timely deliver the transcript, to timely serve the proposed record on appeal, and to timely file the record on appeal, such violations of the Rules of Appellate Procedure are non jurisdictional. *See N.C. State Bar v. Sossomon* 197 N.C. App. 261, 270, 676 S.E.2d 910, 917 (2009) (A violation of "Rule 7 [relating to ordering the transcript] is a nonjurisdictional defect."); *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 346, 666 S.E.2d 127, 132 (2008) ("Rule 11(c) [regarding service of a proposed record on appeal] is a nonjurisdictional requirement 'designed primarily

to keep the appellate process flowing in an orderly manner.' " (quoting *Dogwood*, 362 N.C. at 198, 657 S.E.2d at 365)); *Copper v. Denlinger*, 193 N.C. App. 249, 260, 667 S.E.2d 470, 480 (2008) ("[P]laintiffs' violation of Rule 12 [regarding timely filing of a record on appeal] does not result in mandatory dismissal[.]"), *rev'd in part on other grounds*, 363 N.C. 784, 688 S.E.2d 426 (2010). Consequently, we deny petitioner's motion to dismiss this appeal.

## II

Respondent first argues that the trial court violated Rule 17 of the Rules of Civil Procedure in granting the petition allowing foreclosure by power of sale because the action was not brought by the actual trustee, who, respondent asserts, was the only real party in interest. "A foreclosure under power of sale is a type of special proceeding, to which our Rules of Civil Procedure apply." *Lifestore Bank v. Mingo Tribal Pres. Trust*, ___ N.C. App. ___, ___, 763 S.E.2d 6, 9 (2014), *disc. review denied*, ___ N.C. ___, 771 S.E.2d 306 (2015). Although Rule 17 requires that an action be brought by the real party in interest, "the real party in interest provisions of Rule 17 are for the parties' benefit and may be waived if no objection is raised[.]" *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 16, 362 S.E.2d 812, 822 (1987).

Here, respondent did not argue to the trial court that Mr. Ingle and Ms. Ells were not real parties in interest. He, therefore, waived any defect in the trial court's judgment based on that argument. Even assuming that respondent preserved the

issue below, although respondent contends that the names on the notice of foreclosure, Mr. Ingle and Ms. Ells, were not the trustees of the deed of trust and, therefore, could not have brought the action for foreclosure, the record shows that on 12 December 2011, the day before petitioner instituted this foreclosure action, petitioner substituted Mr. Bradley with Mr. Ingle and Ms. Ells as trustees of the deed of trust. The record therefore establishes that the proceeding was brought by a real party in interest.

Respondent nonetheless further contends that he received inadequate notice of the clerk's hearing. Respondent failed to raise this issue below as well, and, therefore, it "will not be considered [for the first time] on appeal[.]" *Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001). Even assuming the issue was raised, "[i]t is well-settled that a party entitled to notice may waive notice . . . ," by being "present at the hearing and participat[ing] in it." *In re Foreclosure of Norton*, 41 N.C. App. 529, 531, 255 S.E.2d 287, 289 (1979). Respondent's full participation in the clerk's hearing was a waiver of any defects in the hearing notice.

AFFIRMED.

Judges ELMORE and INMAN concur.

Report per Rule 30(e).