W. H. LOWDER v. MALCOLM M. LOWDER, PATTY S. LOWDER, BROWN, BROWN & BROWN, A PARTNERSHIP, AND MOORE & VAN ALLEN, A PARTNERSHIP

No. 8320SC818

(Filed 15 May 1984)

**Judgments § 37.4— estoppel to relitigate issue**

Plaintiff is estopped to relitigate the issue of whether defendant law firm divulged confidential information about plaintiff to the other defendants where this issue was litigated and decided against plaintiff by the appellate courts in a prior action in which plaintiff attempted to have defendant law firm disqualified from representing the other defendants based upon the same allegations.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 31 May 1983 in STANLY County Superior Court. Heard in the Court of Appeals 13 April 1984.

This is one of seven actions filed by W. H. (Horace) Lowder seeking to attack collaterally a receivership action involving seven interrelated family corporations. The factual background for this action is set forth in *Hudson v. All Star Mills, Inc.,* 68 N.C. App. 447, 315 S.E. 2d 514, *disc. rev. denied,* 311 N.C. 755, --- S.E. 2d --- (1984).

In this action plaintiff alleges that the law firm of Brown, Brown and Brown wrongfully disclosed to the other defendants confidential information obtained while Brown was attempting to gain review of plaintiffs' tax evasion convictions. He further alleges that this confidential information was used by all the defendants as a basis to bring the receivership action entitled *Malcolm M. Lowder v. All Star Mills, Inc.,* Stanly County No. 79CVS015 which is currently pending.

All defendants moved to dismiss the complaint. On 31 May 1983, Judge Preston after taking judicial notice of the record in the receivership action entered an order dismissing this action. From this order plaintiff appeals.

*DeLaney, Millette, DeArmon, and McKnight, P.A., by Ernest S. DeLaney, for plaintiff.*

*Moore, Van Allen and Allen, by Randel E. Phillips, for defendants Malcolm M. Lowder and Patty S. Lowder.*

*Bailey, Brackett and Brackett, P.A., by Martin L. Brackett, Jr., for defendant Brown, Brown and Brown.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for defendant Moore & Van Allen.*

WELLS, Judge.

The sole issue raised by this appeal is whether the trial court properly dismissed plaintiff's complaint. The motions to dismiss were made pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. It is apparent from the wording of the order of dismissal that the trial court considered the record of proceedings in *Lowder v. All Star Mills, Inc.*, No. 79CVS015, *supra*. Pursuant to the provisions of Rule 12(b)(6), defendants' motions were thus converted to Rule 56 motions for summary judgment. *See Smith v. Insurance Co.*, 43 N.C. App. 269, 258 S.E. 2d 864 (1979) and cases and authorities cited therein. Accordingly, we treat the trial court's order as constituting entry of summary judgment for defendants. Summary judgment is proper when it appears that even if the facts as claimed by plaintiff are taken as true, there can be no recovery. *Doggett v. Welborn*, 18 N.C. App. 105, 196 S.E. 2d 36, *cert. denied*, 283 N.C. 665, 197 S.E. 2d 873 (1973).

The question of whether Brown, Brown and Brown divulged confidential information to the other parties was litigated and decided against Horace by this court in *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 300 S.E. 2d 230, *aff'd in part, rev'd in part*, 309 N.C. 695, 309 S.E. 2d 193 (1983). In that action Horace attempted to have the Brown firm and the Moore and Van Allen firm disqualified from representing the Lowders based upon these same allegations. The trial court refused to disqualify the attorneys. That order was affirmed by this court. Plaintiff is estopped to relitigate this issue. *See King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973).

For the reasons stated, we hold that the trial court properly entered summary judgment for defendants.

Affirmed.

Judges BECTON and JOHNSON concur.