H. S. BAGRI v. E. M. DESAI

No. 8626SC370

(Filed 21 October 1986)

### Usury § 1.3— loan to buy motel—interest in excess of legal maximum

An agreement for a $50,000 loan to purchase a motel which required the borrower to pay the lender one-sixth of the motel's profits while the loan was unpaid and one-sixth of any gain on a sale of the motel within three years, in addition to 15% interest, violated the usury statute, N.C.G.S. § 24-8; therefore, the lender could not recover unpaid interest or a portion of the profits and gain from sale.

APPEAL by plaintiff from *Saunders, Judge.* Judgment entered 7 January 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 September 1986.

This is a civil action wherein plaintiff seeks to recover $167,748.03 under several theories, including breach of contract. In his complaint, filed 20 February 1984, plaintiff alleges the following: The $167,748.03 is due him under an agreement with defendant whereby plaintiff would advance defendant $50,000, and defendant would use that sum together with other money to buy a certain motel. For the use of plaintiff's money, defendant would pay plaintiff 15% interest plus one-sixth of the profits earned by the motel while the advance and interest remained unpaid, plus one-sixth of any gain resulting from the sale of the motel if the motel were sold within three years.

Plaintiff further alleges the following: He advanced defendant $50,000. Defendant bought the motel. Defendant repaid the $50,000 plus all but $3,045.23 of the interest due. However, defendant never paid plaintiff any of the profit earned by the motel, or any of the gain resulting from the sale of the motel. Up until defendant finished repaying the principal, the motel had had a net profit of $188,296.78. Defendant later sold the motel, within the three-year period. Thus, defendant owes plaintiff interest of $3,045.23, profits of $31,382.80, and $133,320.00, one-sixth of the gain on the sale. Plaintiff therefore asks for judgment in the amount of $167,748.03.

Defendant filed an answer and counterclaim alleging that the loan agreement was usurious in violation of G.S. 24-2 and G.S. 24-8, and thus plaintiff's entire interest should be forfeited.

Defendant made a motion for summary judgment. The court granted defendant's motion, and finding no just reason for delay, entered final judgment dismissing plaintiff's claim.

Plaintiff appealed.

*Bryan, Jones, Johnson & Snow, by James M. Johnson, for plaintiff, appellant.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Debra L. Foster, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff contends that the trial court erred to his prejudice in granting defendant's motion for summary judgment. Plaintiff argues that the interest charged defendant was not usurious, but legal under G.S. 24-1.1.

To establish that an agreement is usurious, it must be shown that (1) there was a loan, (2) there was an understanding that the money lent would be returned, (3) for the loan a greater rate of interest than allowed by law was charged, and (4) there was corrupt intent to take more than the legal rate for the use of the money. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

Here, the first two requirements are clearly established: There was a loan, and an understanding that the money lent would be returned.

The facts show that the third requirement, that a greater rate of interest than allowed by law was charged, is also satisfied. Whether or not plaintiff's charging of the 15% interest is legal under G.S. 24-1.1, his requiring that defendant also pay one-sixth of the motel's profits and one-sixth of any gain on the sale of the motel is clearly prohibited by G.S. 24-8, which provides in pertinent part that "[n]o lender shall . . . require in connection with a loan any borrower, directly or indirectly, to pay . . . or otherwise confer upon or for the benefit of the lender . . . any sum of money, thing of value or other consideration other than that which is pledged as security . . . together with fees and interest provided for in chapter 24 or chapter 53 of the North Carolina General Statutes, where the principal amount of a loan is not in

excess of three hundred thousand dollars ($300,000.00). . . ." The one-sixth interest in the profits and gain on resale of the motel is a "sum of money, thing of value or other consideration" and it is not security, fees or interest. Under *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971), a violation of G.S. 24-8 satisfies the third requirement for establishing usury.

The fourth requirement, corrupt intent to take more than the legal rate for the use of the money, is simply the intentional charging of more for money lent than the law allows. *Id.*

The penalty for usury, under G.S. 24-2, includes forfeiture of the entire interest which has been agreed to be paid for the loan. It therefore becomes clear that even if the facts as claimed by plaintiff are taken as true, he cannot recover what he claims is due him. In such a case, summary judgment is proper. *Lowder v. Lowder*, 68 N.C. App. 505, 315 S.E. 2d 520, *disc. rev. denied*, 311 N.C. 759, 321 S.E. 2d 138 (1984). It was therefore not error for the trial court to grant defendant's motion for summary judgment.

Since upon plaintiff's version of the facts he is not entitled to recover, any other error by the trial court is harmless. *Rankin v. Oates*, 183 N.C. 517, 112 S.E. 32 (1922). Therefore, we need not reach plaintiff's two other assignments of error.

Affirmed.

Judges ARNOLD and ORR concur.