STATE OF NORTH CAROLINA v. WANDA DIETZE

No. COA07-1066

(Filed 6 May 2008)

**Obstruction of Justice— filing false report to police—failure to show unlawful purpose**

The trial court erred by denying defendant's motion to dismiss the charge of filing a false report to the police because: (1) under North Carolina law, filing a false report to the police is not a crime by itself, but instead the false report is unlawful only if made for the purpose of hindering or obstructing the officer in the performance of his duties; and (2) the State failed to present any evidence that defendant filed a false report with that unlawful purpose.

Appeal by defendant from judgment entered 27 March 2007 by Judge Donald W. Stephens in Superior Court, Durham County. Heard in the Court of Appeals 4 March 2008.

STATE v. DIETZE

[190 N.C. App. 198 (2008)]

*Attorney General Roy Cooper, by Assistant Attorney General Rufus C. Allen, for the State.*

*Richard E. Jester, for defendant-appellant.*

WYNN, Judge.

Under North Carolina law, filing a false report to the police by itself is not a crime; rather, the false report is unlawful only if made "for the purpose of interfering with the law enforcement agency or hindering or obstructing the officer in the performance of his duties."[1] Here, the State failed to present any evidence that the defendant filed a false report with that unlawful purpose. Accordingly, we reverse her conviction.

According to the State, Defendant Wanda Dietze filed a false report in September 2006, accusing Nicholas Hernandez of misdemeanor stalking. Defendant and Mr. Hernandez had worked at the Duke Eye Center during the same time period, although Defendant subsequently left her position. She was then charged, in April 2005, with making harassing telephone calls to employees at the Eye Center, including Mr. Hernandez. Defendant had also previously accused Mr. Hernandez of sexual harassment, but the Eye Center determined the claim was unfounded.

After investigating Defendant's complaint against Mr. Hernandez for misdemeanor stalking, the State decided that Defendant's claims were baseless and dismissed the charges prior to Mr. Hernandez's trial. During that time period, Defendant also called a Duke University police officer up to thirty-two times a day, as well as regularly called and left messages for the Assistant District Attorney (ADA) who was prosecuting Mr. Hernandez. According to the ADA, Defendant likewise constantly telephoned the Durham Police Department sergeant in charge of her case. After dismissing the charges against Mr. Hernandez, the ADA charged Defendant with filing a false report to a police station because Defendant "was the one who's instigating all the activity. . . . And because of the persistence of [Defendant], . . . if we did not charge her that it would be a situation where she would continually try to take charges against people at Duke."

After a January 2007 conviction in District Court, Defendant appealed to Superior Court, where she was found guilty by a jury. The

---

1. *State v. Hughes*, 353 N.C. 200, 204-05, 539 S.E.2d 625, 629 (2000) (quoting N.C. Gen. Stat. § 14-225).

trial court entered judgment against her on 27 March 2007 and sentenced her to thirty days in the Durham County Jail, to be suspended for eighteen months while she was on supervised probation. As a condition of her probation, the trial court also required Defendant not to have any contact with Mr. Hernandez and certain other Duke Eye Center employees, as well as undergo a mental health evaluation.

Defendant now appeals to this Court, arguing that the trial court erred by (I) denying her motion to dismiss or to set aside the verdict for insufficient evidence, and (II) allowing a tape recording to be entered into evidence, in violation of her right to confrontation and of the prohibition against hearsay. Because Defendant's first argument is dispositive in deciding her appeal, we decline to consider the second issue.

To survive a motion to dismiss, the State must have presented "substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation and quotations omitted), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "Substantial evidence" is "relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Id.* (internal citations omitted). In considering a motion to dismiss by the defense, such evidence "must be taken in the light most favorable to the state . . . [which] is entitled to all reasonable inferences that may be drawn from the evidence." *State v. Sumpter*, 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986).

According to North Carolina law,

> Any person who shall willfully make or cause to be made to a law enforcement agency or officer any false, misleading or unfounded report, for the purpose of interfering with the operation of a law enforcement agency, or to hinder or obstruct any law enforcement officer in the performance of his duty, shall be guilty of a Class 2 misdemeanor.

N.C. Gen. Stat. § 14-225 (2005). Our state Supreme Court has further observed that "making a false statement to the police, standing alone, . . . is not a crime." *State v. Hughes*, 353 N.C. 200, 204-05, 539 S.E.2d 625, 629 (2000). Rather, as emphasized by our Supreme Court, such a false report is unlawful only if it is made *"for the purpose of interfering with the law enforcement agency or hindering or obstructing the officer in the performance of his duties." Id.* at 205, 539 S.E.2d at 629 (quoting N.C. Gen. Stat. § 14-225).

We note, too, that the statutory prohibition against filing a false report to law enforcement is found in the chapter of our state criminal law that describes activities that constitute the obstruction of justice. *See* N.C. Gen. Stat. §§ 14-221 *et seq.* These statutes, including prohibitions against jury tampering, witness intimidation, and failure to comply with a court order, are designed to ensure that our citizens do not interfere with the administration of justice in our society. Nevertheless, the plain language of N.C. Gen. Stat. § 14-225, in its requirement that a false report be made "for the purpose of interfering with the law enforcement agency or hindering or obstructing the officer in the performance of his duties," makes clear that the General Assembly did not seek punishment for those making false reports unless they acted with malicious intent. As written, the statute encourages citizens to make a report and seek assistance if they have been victimized—even if some details of that report are ultimately found to be untrue—without fear of criminal repercussions. Indeed, the statutory language reflects a legislative intent to deter only the type of false report that is designed to confound a police investigation or otherwise squander precious law enforcement resources.

Here, although the State presented sufficient evidence that Defendant willfully made a false report to the police that she had been stalked by Mr. Hernandez, there is no evidence in the record or transcripts that she did so "for the purpose of interfering with the law enforcement agency or hindering or obstructing the officer in the performance of his duties." N.C. Gen. Stat. § 14-225. Defendant's conduct undoubtedly had the *effect* of interfering with the work of the police, as investigating her complaint took time and manpower away from work on actual crimes. However, there was no testimony or other evidence that she acted with that malicious *purpose*. Indeed, the transcript of the tape-recorded conversation between Defendant and a Durham Police Department sergeant that was introduced at trial strongly suggests that Defendant believed that she had been stalked by Mr. Hernandez.

Moreover, even had Defendant's purpose in filing the false report been to harass Mr. Hernandez and, by extension, the Duke Eye Center, her actions still would not have been illegal unless they were designed to obstruct justice. As noted by the State, the tape recording of Defendant's phone calls to the Durham Police sergeant "is evidence of Defendant's complaint"—but again, evidence of the false report is not in and of itself a crime. *Hughes*, 353 N.C. at 204-05, 539 S.E.2d at 629. Defendant's repeated phone calls to the Duke

University police were irrelevant to her interactions or filing a false report with the Durham police. Likewise, her contact with the ADA indicates only that she was interested in having her claim zealously pursued, even if the police investigated and found the claim to be baseless.

We recognize that the State in this case was attempting to take action against Defendant to protect Mr. Hernandez and others at the Duke Eye Center from further contact with or harassment by her. However, by failing to show that Defendant acted with an impermissible purpose in having the arrest warrant sworn out against Mr. Hernandez, the State did not meet its burden at trial to provide substantial evidence as to each element of the crime of filing a false report to law enforcement. To hold otherwise would have a chilling effect on citizens' willingness to turn to the police for help, even if such contact were ultimately based on mistake or confusion.

Accordingly, we reverse the denial of Defendant's motion to dismiss and vacate her conviction.

Reversed.

Judges BRYANT and JACKSON concur.