JAMES BLACKBURN, Plaintiff v. DOMINICK J. CARBONE, M.D., WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, THE NORTH CAROLINA BAPTISTS HOSPITALS, INC., NORTH CAROLINA BAPTIST HOSPITAL and WAKE FOREST UNIVERSITY HEALTH SCIENCES, Defendants

No. COA10-602

(Filed 21 December 2010)

### 1. Appeal and Error— preservation of issues—motion to dismiss converted to motion for summary judgment—failure to request continuance or additional time to produce evidence—waiver

The trial court did not err in a gross negligence, spoliation of evidence, and common law obstruction case by converting defendants' motion to dismiss plaintiff's complaint under N.C.G.S. § 1A-1, Rule 12(b)(6) to a motion for summary judgment under N.C.G.S. § 1A-1, Rule 56. Having failed to request a continuance or additional time to produce evidence and having participated in the hearing on the motion for summary judgment without objection or request for continuance, plaintiff waived the right to argue this issue on appeal.

### 2. Obstruction of Justice— failed to show intentional acts for purpose of disrupting or obstructing—summary judgment properly granted

A *de novo* review revealed that the trial court did not err by granting summary judgment in favor of defendants with respect to a common law obstruction of justice claim. In the absence of a properly served subpoena or other process or a judicial decree requiring his presence, defendant doctor had no duty to appear and testify at the trial of plaintiff's automobile accident case. Further, plaintiff failed to allege or forecast any specific facts tending to show defendant intentionally created an erroneous medical report and then failed to correct it for the purpose of disrupting or obstructing plaintiff's automobile accident case.

Appeal by plaintiff from order entered 19 January 2010 by Judge Anderson D. Cromer in Wilkes County Superior Court. Heard in the Court of Appeals 1 December 2010.

*Franklin Smith for plaintiff-appellant.*

*Nexsen Pruet, PLLC, by Gary L. Beaver and Stephen W. Coles, for defendant-appellees.*

ERVIN, Judge.

Plaintiff James Blackburn appeals from the trial court's order granting summary judgment in favor of Defendants. On appeal, Plaintiff contends that the trial court erred by converting Defendants' dismissal motion to one for summary judgment and by failing to conclude that Plaintiff had stated a claim for common law obstruction of justice in his complaint. After careful consideration of Plaintiff's arguments in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

On 24 April 2009, Plaintiff filed a complaint against Defendants Dr. Dominick J. Carbone, Wake Forest University Baptist Medical Center, The North Carolina Baptist Hospitals, Inc., North Carolina Baptist Hospital, and Wake Forest University Health Services in which he alleged that Dr. Carbone prepared an inaccurate medical report for use in connection with a separate negligence action arising from injuries that Plaintiff sustained in an automobile accident. In that report, Dr. Carbone stated that Plaintiff's injuries were sustained in the "workplace" instead of in an automobile collision. Despite a request for a correction from Plaintiff's counsel, Dr. Carbone did not revise that portion of his report alluding to the circumstances under which Plaintiff's injuries were sustained before Plaintiff settled his automobile accident claim. Although Plaintiff's counsel told Dr. Carbone that "he was to appear" for the purpose of testifying at the trial of Plaintiff's automobile accident case and had obtained the issuance of a subpoena directed to Dr. Carbone compelling him to appear and testify on that occasion, "Plaintiff's counsel discovered . . . [that] the Sheriff's Department had been unable to locate Dr. Carbone for service," forcing Plaintiff's counsel to "retain[] the services of . . . a licensed private investigator[] to complete service of the Subpoena upon Dr. Carbone." Dr. Carbone's "repeated failure and refusal to communicate with Plaintiff's counsel" allegedly resulted in Plaintiff settling his lawsuit for $17,000 when the actual damages were estimated to be "at least $100,000." As a result of the fact that Dr. Carbone's actions allegedly constituted gross negligence, the fact that Dr. Carbone allegedly acted with malice, and the fact that Dr. Carbone's actions should be imputed to the remaining Defendants, Plaintiff alleged that he was entitled to recover compensatory and punitive damages from Dr. Carbone for common law obstruction of justice, gross negligence, and spoliation of evidence.

On 26 June 2009, Defendants filed an answer denying the material allegations of Plaintiff's complaint and moving to dismiss it pursuant to N.C. Gen. Stat. § 1A-1, Rules 9(j) and 12(b)(6). On 6 October 2009, Defendants filed a separate dismissal motion pursuant to N.C. Gen. Stat. § 1A-1, Rules 9(j) and 12(b)(6). At a hearing held on 30 November 2009, the trial court heard argument concerning Defendants' dismissal motions. In view of the fact that it considered various materials tendered by Plaintiff in deciding the issues raised by Defendants' dismissal motion, the trial court treated Defendants' motion as a request for the entry of summary judgment. After considering the arguments of counsel, the authorities submitted by the parties, and the materials submitted by Plaintiff, the trial court found that there were no genuine issues of material fact and that Defendants were entitled to judgment in their favor as a matter of law. Plaintiff noted an appeal to this Court from the trial court's order.[1]

## II. Analysis

### A. Conversion of Motion to Dismiss

[1] In his first challenge to the trial court's order, Plaintiff argues that the trial court erred by converting Defendants' motion to dismiss Plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) to a motion for summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56. We disagree.

At he hearing held in connection with Defendants' dismissal motion, Plaintiff tendered a number of documents for the trial court's consideration, including a series of letters that Plaintiff's counsel sent

---

1. In their brief, Defendants argue that we should "address" a number of instances in which Plaintiff allegedly violated various provisions of the North Carolina Rules of Appellate Procedure, including discussing an additional issue in the conclusion section of his brief without having mentioned that issue in the list of issues for review set out at the beginning of his brief in violation of N.C.R. App. P. 28(b)(2), failing to set out his entire argument in the appropriate section of his brief and omitting a statement of the applicable standard of review with respect to each issue as required by N.C.R. App. P. 28(b)(6), and failing to include a statement of the specific relief sought on appeal contrary to N.C.R. App. P. 28(b)(7). Although we agree that Plaintiff's brief does not strictly comply with the relevant provisions of N.C.R. App. P. 28, we do not believe that these deficiencies are jurisdictional in nature or constitute any sort of default. Instead, we believe that they constitute a violation of nonjurisdictional requirements that "normally should not lead to dismissal of the appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 198, 657 S.E.2d 361, 363, 365 (2008). Since Plaintiff's noncompliance with various aspects of N.C.R. App. P. 28 has not impaired our ability to review Plaintiff's challenges to the trial court's order or otherwise frustrated the adversarial process, *Id.*, at 200, 657 S.E.2d at 366-67, we decline Defendants' invitation to refrain from considering certain of Plaintiff's arguments on appeal.

to Dr. Carbone's office, a copy of several subpoenas directed to Dr. Carbone, a copy of the report that Dr. Carbone transmitted to Plaintiff's counsel, a copy of the police report relating to the motor vehicle collision in which Plaintiff was injured, and copies of various facsimile transmission statements and a postal service receipt.[2] As we understand the record, no party objected to Plaintiff's request that the trial court consider these documents in ruling on Defendants' dismissal motion. In its order, the trial court noted that it considered the exhibits tendered by Plaintiff in making its decision and was, for that reason, required to treat Defendants' dismissal motion as a motion for summary judgment in accordance with N.C. Gen. Stat. § 1A-1, Rule 12(b). On appeal, Plaintiff contends that the trial court's decision to convert Defendants' dismissal motion into one for summary judgment deprived him of his right to proper notice and precluded him from deposing various potential witnesses, including Dr. Carbone.[3]

---

2. A trial court's decision to consider documents referenced in a plaintiff's complaint in deciding a dismissal motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) does not result in the conversion of that motion into a motion for summary judgment made pursuant to N.C. Gen. Stat. § 1A-1, Rule 56. *Turner v. Hammocks Beach Corp.*, 192 N.C. App. 50, 57 n.1, 664 S.E.2d 634, 639 n.1 (2008), *aff'd in part and rev'd in part on other grounds*, 363 N.C. 555, 681 S.E.2d 770 (2009) (stating that "the trial court's review of [certain documents] did not convert the motion to dismiss into a summary judgment motion" because "Plaintiffs referred to these documents in their complaint and because Plaintiffs' claims relied upon these documents"); *Brackett v. SGL Carbon Corp.*, 158 N.C. App. 252, 255, 580 S.E.2d 757, 759 (2003) (holding that the trial court was entitled to consider an administrative complaint and right-to-sue letter referenced in the plaintiff's complaint without converting the defendant's motion into one for summary judgment). Each of the letters that were tendered to the trial court were referenced in Plaintiff's complaint. Plaintiff's complaint mentions Dr. Carbone's report as well. Although several of the letters mention that copies of subpoenas directed to Dr. Carbone were enclosed, there is no reference to the copy of Dr. Carbone's initial report or the accident report relating to Plaintiff's motor vehicle collision in any of these letters. As a result, we are unable to conclusively determine whether all of the documents that were tendered to the trial court were originally components of the letters referenced in Plaintiff's complaint or were otherwise mentioned in that filing. In the event that all of the documents that were tendered to the trial court were mentioned in or associated with the letters discussed in Plaintiff's complaint, there would have been no need for the trial court to convert Defendants' dismissal motion into one for summary judgment, depriving Plaintiff's challenge to the trial court's conversion decision of merit for that reason as well.

3. As we understand Plaintiff's argument, he is not contending that the trial court erred by considering the documents that he tendered during the hearing; instead, he essentially argues that the trial court erred by failing to give him time to develop and present even more evidentiary materials. Having invited any error that the trial court may have committed by considering these materials, *State v. Chatman*, 308 N.C. 169, 177, 301 S.E.2d 71, 76 (1983) (stating that " 'invited error [is not] grounds for a new

BLACKBURN v. CARBONE

[208 N.C. App. 519 (2010)]

> If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C.R. Civ. P. 12(b); *see also Charlotte Motor Speedway, Inc. v. Tindall Corp.*, 195 N.C. 296, 300, 672 S.E.2d 691, 693 (2009) (stating that " '[a] motion to dismiss for failure to state a claim is "converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court" ' ") (quoting *King v. Cape Fear Mem Hosp., Inc.*, 96 N.C. App. 338, 342, 385 S.E.2d 812, 815 (1989), *disc. review denied*, 326 N.C. 265, 389 S.E.2d 114 (1990). "Reviewing courts have looked to cues in the trial court's order to determine whether it considered matters outside the pleadings." *Id.* at 300, 672 S.E.2d at 693 (citing *Lowder v. Lowder*, 68 N.C. App. 505, 506, 315 S.E.2d 520, 521 (1984)). Although a party confronted with the conversion of a dismissal motion into a summary judgment motion is entitled to "be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56," "[i]t is significant that the rule provides [for] a 'reasonable opportunity' rather than requiring that the presentation of materials be in accordance with Rule 56." *Raintree Homeowners Assoc.*, 62 N.C. App. at 673, 303 S.E.2d at 582; *see also Kemp v. Spivey*, 166 N.C. App. 456, 462, 602 S.E.2d 686, 690 (2004) (holding that the trial court erred by converting a dismissal motion to a summary judgment motion without affording the parties " 'a reasonable opportunity to present all material made pertinent to such a motion by Rule 56' ") (citing N.C. Gen. Stat. § 1A-1, Rule 12(b)). However, in the event that a party faced with a trial court's decision to consider materials outside the

---

trial' ") (quoting *State v. Waddell*, 289 N.C. 19, 25, 220 S.E.2d 293, 298 (1975), *vacated in part by* 428 U.S. 904, 49 L. Ed. 2d 1210, 96 S. Ct. 3211 (1976), and citing *State v. Gaskill*, 256 N.C. 652, 657, 124 S.E.2d 873, 877 (1962); *State v. Williams*, 255 N.C. 82, 88, 120 S.E.2d 442, 447 (1961); *State v. Case*, 253 N.C. 130, 139, 116 S.E.2d 429, 435 (1960), *cert. denied*, 365 U.S. 830, 5 L. Ed. 2d 707, 81 S. Ct. 717 (1961); *State v. Payne*, 280 N.C. 170, 171, 185 S.E.2d 101, 102 (1971); *Overton v. Overton*, 260 N.C. 139, 145, 132 S.E.2d 349, 353 (1963), Plaintiff cannot successfully contend that the trial court abused its discretion by considering materials that he submitted for its review. *Belcher v. Fleetwood Enters., Inc.*, 162 N.C. App. 80, 84, 590 S.E.2d 15, 18 (2004) (stating that "[t]he standard of review of a trial court's decision to convert a Rule 12(b)(6) motion to a Rule 56 motion is abuse of discretion") (citing *Raintree Homeowners Assoc. v. Raintree Corp.*, 62 N.C. App. 668, 673-74, 303 S.E.2d 579, 582, *disc. review denied*, 309 N.C. 462, 307 S.E.2d 366 (1983).

pleadings in connection with a dismissal motion lodged pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) does "not request a continuance or additional time to produce evidence under Rule 56(f)" and "fully participates in the hearing," that party "cannot now complain that they were denied a reasonable opportunity to present materials to the court." *Belcher,* 162 N.C. App. at 84, 590 S.E.2d at 18 (2004) (citing *Knotts v. City of Sanford,* 142 N.C. App. 91, 97-98, 541 S.E.2d 517, 521 (2001); *see also Tindall,* 195 N.C. App. at 300, 672 S.E.2d at 693-94) (stating that, "where non- movants fully participated in the hearing on a motion to dismiss, observed that matters beyond the pleadings were being considered, and failed to request additional time to produce evidence, reviewing courts have not been persuaded that dismissal was inappropriate") (citing *Belcher,* 162 N.C. App. at 84, 590 S.E.2d at 18), *Homeowners Assoc.,* 62 N.C. App. at 673, 303 S.E.2d at 582 (stating that, in the event that material outside the pleadings is tendered to the trial court at a hearing held in connection with a dismissal motion filed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), "the proper action for counsel to take is to request a continuance or additional time to produce evidence" and that, "[b]y participating in the hearing and failing to request a continuance or additional time to produce evidence, a party waives his right to [the] procedural notice" otherwise afforded by N.C. Gen. Stat. § 1A-1, Rule 12(b)) (citing *Raintree Corp. v. Rowe,* 38 N.C. App. 664, 667-68, 248 S.E.2d 904, 907 (1978) and *Story v. Story,* 27 N.C. App. 349, 219 S.E.2d 245 (1975).

The record clearly reflects that, after tendering the additional materials described above, Plaintiff did not request additional time in order to engage in discovery or present other materials for the trial court's consideration, move to continue the hearing, or lodge an objection to any decision by the trial court to consider material outside the pleadings. Having failed to "request a continuance or additional time to produce evidence" and having "participated in the hearing on the motion for summary judgment without objection or request for continuance," *Raintree Homeowners Assoc.,* 62 N.C. App. at 674, 303 S.E.2d at 582, Plaintiff waived the right to argue on appeal that the trial court erred by treating Defendants' dismissal motion as one for summary judgment and deciding it on the merits in light of the materials presented at the hearing. As a result, we conclude that Plaintiff is not entitled to relief on appeal based on the trial court's decision to treat Defendants' dismissal motion as one for summary judgment and to decide that motion without providing for additional notice, discovery, or development of the record.

## B. Summary Judgment

**[2]** Secondly, Plaintiff contends that the trial court erred by granting summary judgment in favor of Defendants with respect to his claim for common law obstruction of justice on the grounds that he adequately stated a claim for relief in his complaint.[4] Once again, we disagree.

Orders granting summary judgment are subject to *de novo* review. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citing *Wilmington Star News v. New Hanover Regional Medical Center*, 125 N.C. App. 174, 178, 480 S.E.2d 53, 55, *appeal dismissed*, 346 N.C. 557, 488 S.E.2d 826 (1997)). "[T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Id.* Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). "A genuine issue of material fact has been defined as one in which 'the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail.' " *Smith v. Smith*, 65 N.C. App. 139, 142, 308 S.E.2d 504, 506 (1983) (quoting *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1975) (quoting *McNair v. Boyette*, 282 N.C. 230, 235, 192 S.E.2d 457, 460 (1972))). "A defendant may show entitlement to summary judgment by: '(1) proving that an essential element of the plaintiff's claim is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." *Carbone v. JBSS,*

---

4. In their brief, Defendants note that Plaintiff's complaint appears to assert claims for gross negligence and common law spoliation of evidence in addition to a claim for common law obstruction of justice. However, since Plaintiff has not argued on appeal that the trial court erred by granting summary judgment in favor of Defendants with respect to these claims, we need not address the extent, if any, to which the trial court erred by entering judgment in favor of Defendants with respect to these claims. N.C.R. App. P. 28(a) (stating that "[i]ssues not presented and discussed in a party's brief are deemed abandoned").

*LLC*, —— N.C. App. ——, ——, 684 S.E.2d 41, 46 (2009) (quoting *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995)). "As a result, summary judgment may be entered against a party if the nonmovant fails to allege or forecast evidence supporting all elements of his claim." *One Beacon v. United Mechanical Corp.*, —— N.C. App. ——, ——, 700 S.E.2d 121, 123 (2010) (citing *Edwards v. GE Lighting Sys., Inc.*, 193 N.C. App. 578, 582, 668 S.E.2d 114, 116 (2008) and *Fabrikant v. Currituck Cty.*, 174 N.C. App. 30, 38, 621 S.E.2d 19, 25-26 (2005) (other citation omitted).[5]

"Obstruction of justice is a common law offense in North Carolina." *In re Kivett*, 309 N.C. 635, 670, 309 S.E.2d 442, 462 (1983). "It is an offense to do any act which prevents, obstructs, impedes or hinders public or legal justice." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 33, 588 S.E.2d 20, 30 (2003) (citing *Burgess v. Busby*, 142 N.C. App. 393, 408-09, 544 S.E.2d 4, 12, *disc. review improvidently allowed*, 354 N.C. 351, 553 S.E.2d 679 (2001)). As a result, "acts which obstruct, impede or hinder public or legal justice . . . amount to the common law offense of obstructing justice," so that a complaint alleging that the defendants engaged in such activities states a claim for relief. *Henry v. Deen*, 310 N.C. 75, 87, 310 S.E.2d 326, 334 (1984); *see also Grant v. High Point Reg'l Health Sys.*, 184 N.C. App. 250, 255-56, 645 S.E.2d 851, 855 (2007), *disc. review improvidently allowed*, 362 N.C. 502, 666 S.E.2d 757 (2008) (stating that the "[p]laintiff's complaint stated a cause of action for common law obstruction of justice" in that it alleged " 'acts which obstruct, impede or hinder public or legal justice and would amount to the common law offense of obstructing justice' ") (quoting *Henry*, 310 N.C. at 87, 310 S.E.2d at 334).

" 'The common law offense of obstructing public justice may take a variety of forms.' " *Kivett*, 309 N.C. at 670, 309 S.E.2d at 462 (quoting 67 C.J.S. *Obstructing Justice* §§ 1, 2 (1978)). In *Henry* and *Grant*, allegations that the defendants had destroyed certain medical records and created other false medical records for the purpose of defeating a medical negligence claim were held to be sufficient to state a claim for common law obstruction of justice. *Henry*, 310 N.C.

---

5. As a result of the fact that the allegations in Plaintiff's complaint essentially restate the material facts revealed by the letters and other materials tendered to the trial court at the hearing, we will base our analysis of the sufficiency of Plaintiff's evidentiary forecast upon the facts, as compared to the legal conclusions, stated in Plaintiff's complaint and reiterated in the materials tendered at the hearing.

at 88, 310 S.E.2d at 334-35 (stating that, "[w]here, as alleged here, a party deliberately destroys, alters or creates a false document to subvert an adverse party's investigation of his right to seek a legal remedy, and injuries are pleaded and proven, a claim for the resulting increased costs of the investigation will lie"); *Grant*, 184 N.C. App. at 255-56, 645 S.E.2d at 855 (stating that allegations that "Defendant destroyed the medical records of the decedent" so as to "effectively preclude[] Plaintiff from obtaining the required Rule 9(j) certification" and prevent " 'Plaintiff from being able to successfully prosecute a medical malpractice action against . . . Defendant . . . and others' " "stated a cause of action for common law obstruction of justice"). Similarly, this Court has held that "Plaintiff's complaint sufficiently allege[d] a cause of action for common law obstruction of justice in that it alleges (1) defendant alerted health care providers to the names of the jurors [who returned a verdict against another health care provider in a medical negligence case] in retaliation for their verdict; (2) this retaliation was designed to harass plaintiffs; and (3) defendant's conduct was meant to obstruct the administration of justice[.]" *Burgess*, 142 N.C. App. at 409, 544 S.E.2d at 13. As a result, any action intentionally undertaken by the defendant for the purpose of obstructing, impeding, or hindering the plaintiff's ability to seek and obtain a legal remedy will suffice to support a claim for common law obstruction of justice.[6]

At the hearing held before the trial court and on appeal, Plaintiff contends that Dr. Carbone's failure to appear for the purpose of testifying at Plaintiff's negligence trial and his statement in the medical report indicating that Plaintiff's injuries were work-related rather than having their origin in a motor vehicle collision constituted "intentional, willful, wanton and malicious" acts that damaged Plaintiff by causing him to settle his automobile accident case for less than its actual value. As a general proposition, a refusal to appear to testify or obstructing the efforts of others to appear and testify, 67 C.J.S. *Obstructing Justice* § 37 (2002), or the falsification of

---

6. The necessity for showing an intentional act of misconduct by the defendant is delineated in a number of criminal obstruction of justice cases. *State v. Dietze*, 190 N.C. App. 198, 201, 660 S.E.2d 197, 199 (2008) (stating that the State is required to adduce evidence of "malicious intent" to prove obstruction of justice); *State v. Wright*, —— N.C. App. ——, 696 S.E.2d 832, 835 (2010) (stating that intent is an element of felonious common law obstruction of justice); *see also Hess v. Medlock*, 820 F.2d 1368, 1373 (4th Cir. 1987) (stating that "[[t]he [South Carolina] common law crime of obstruction of justice . . . is committed whenever a defendant intentionally performs 'any act which prevents, obstructs, impedes, or hinders the administration of justice' ") (applying South Carolina law).

evidence, 67 C.J.S. *Obstructing Justice* § 32 (2002), could, under certain circumstances, support a finding of liability for common law obstruction of justice. We do not believe, however, that the facts disclosed in the present record provide any basis for holding Dr. Carbone and, vicariously, the other Defendants, liable under either of the theories that Plaintiff has espoused.

The record clearly indicates that Plaintiff never obtained proper service of a subpoena requiring Dr. Carbone to appear and testify at the trial of Plaintiff's automobile accident.[7] As this Court has noted, "[s]ubject to the protections of [N.C. Gen. Stat. § 1A-1,] Rule 45(c), the obligation to appear as a witness is perfected when the subpoena is served on the witness." *Greene v. Hoekstra*, 189 N.C. App. 179, 181, 657 S.E.2d 415, 417 (2008); *see also* N.C. Gen. Stat. § 1A-1, Rule 45(e)(1) (stating that a "[f]ailure by any party without adequate cause to obey a subpoena served upon the party shall also subject the party to the sanctions provided in Rule 37(d)"). In the absence of a properly served subpoena or other process or a judicial decree requiring his presence, Dr. Carbone had no duty to appear and testify at the trial of Plaintiff's automobile accident case. The fact that a witness fails to appear and testify at a civil trial without having been properly served with a valid subpoena simply does not suffice to support a finding of liability for common law obstruction of justice in the absence of allegation and proof that the person in question took affirmative action to preclude service of the required subpoena. The record is completely devoid of any information tending to show that Dr. Carbone did anything to obstruct the ability of others to serve such a subpoena on him. Thus, the first theory upon which Plaintiff seeks to have Dr. Carbone and the remaining Defendants found liable for common law obstruction of justice is without merit.

Although Plaintiff argues vigorously that Dr. Carbone rendered himself liable for common law obstruction of justice by stating in his report that Plaintiff's injuries stemmed from an incident in the workplace rather than from an automobile accident and by failing to correct this error once it was brought to his attention, we do not find this aspect of Plaintiff's argument persuasive either. First, the available

---

7. Although Plaintiff tried to serve Dr. Carbone with a subpoena both personally and through the use of registered mail, a nurse employed in Dr. Carbone's office actually received the subpoena instead of Dr. Carbone on each occasion when service was attempted. According to N.C. Gen. Stat. § 1A-1, Rule 45(b)(1), "service of a subpoena upon a person named therein shall be made by delivering a copy thereof to that person or by registered or certified mail, return receipt requested."

decisional law tends to suggest that no cause of action for common law obstruction of justice lies against "any third party that fails to produce documents or other materials requested by a potential litigant." *Grant*, 184 N.C. App. at 257, 645 S.E.2d at 856 (stating that "[w]e are not concerned" by the prospect that a decision in the plaintiff's favor would result in third party liability for "fail[ing] to produce" such materials because Plaintiff's allegations were directed at an entity which would have been a defendant in the medical malpractice case). Simply put, we are not aware of any authority establishing that a mere witness, such as Dr. Carbone, could be held liable for common law obstruction of justice on the basis of a failure to provide an accurate report or a failure to correct an allegedly inaccurate report requested by a party to litigation. Secondly, aside from the fact that the error in Dr. Carbone's report could easily be explained as a typographical error, Plaintiff has neither alleged nor forecast any factual basis for believing that the alleged error in the report that Dr. Carbone provided to Plaintiff's counsel or any failure on the part of Dr. Carbone to correct that error at the request of Plaintiff's counsel represented an intentional act on the part of Dr. Carbone undertaken for the purpose of deliberately obstructing, impeding or hindering the prosecution of Plaintiff's automobile accident case. For example, the record contains absolutely no indication that Dr. Carbone received any benefit or avoided any detriment as the result of having made the alleged error.[8] Thus, even when the information in the record is taken in the light most favorable to Plaintiff, Plaintiff has failed to allege or forecast any specific facts tending to show that Dr. Carbone intentionally created an erroneous medical report and then failed to correct it for the purpose of disrupting or obstructing plaintiff's automobile accident case.[9] As a result, given the absence of any allegation

---

8. Although Plaintiff has alleged that Dr. Carbone's conduct was intentional and malicious, "an affiant's legal conclusions, as opposed to facts 'as would be admissible in evidence,' are not to be considered by the trial court on a motion for summary judgment." *Strickland v. Doe*, 156 N.C. App. 292, 296, 577 S.E.2d 124, 129 (citing *Singleton v. Stewart*, 280 N.C. 460, 467, 186 S.E.2d 400, 405 (1972)), *disc. review denied*, 357 N.C. 169, 581 S.E.2d 447 (2003). Thus, given the absence of any factual basis for Plaintiff's contentions concerning Dr. Carbone's mental state, we conclude that Plaintiff has failed to sufficiently forecast evidence that Dr. Carbone acted with the degree of deliberation and intentionality necessary to establish liability for common law obstruction of justice.

9. We need not address the extent, if any, to which Dr. Carbone's conduct constituted an act of professional negligence or the extent to which Plaintiff's claim might be barred under an election of remedies theory given that Plaintiff has not asserted such a professional negligence claim in his complaint or argued on appeal that Dr. Carbone might be liable to him on that basis and given that Defendants have not argued at trial or on appeal that Plaintiff's claim is barred by the doctrine of election of remedies. N.C.R. App. P. 28(a).

or forecast of specific facts tending to show that Dr. Carbone deliberately inserted an inaccuracy into his report and then intentionally failed to correct it for the purpose of obstructing, impeding, or hindering Plaintiff's ability to maintain his automobile accident claim, we conclude that the trial court properly granted summary judgment in favor of Defendants on this aspect of Plaintiff's common law obstruction of justice claim as well. *Broughton,* 161 N.C. App. at 33, 588 S.E.2d at 30 (stating that, given the absence of any "evidence that [the plaintiff's case] was in some way judicially prevented, obstructed, impeded or hindered by the acts of defendants," the trial court properly granted summary judgment in favor of the defendants with respect to the plaintiff's common law obstruction of justice claim).

### III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Plaintiff's challenges to the trial court's order have merit and that the trial court properly granted summary judgment in favor of Defendants. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Chief Judge MARTIN and Judge McGEE concur.